UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER SCOTT PETERSON | : CIVIL ACTION NO.<br>: 302 CV 01844 CFD |
| Plaintiff, | : |
| VS. | :<br>: FEBRUARY 16, 2004 |
| UNUMPROVIDENT CORPORATION,<br>    Defendant<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br>    Defendant<br>HILB, ROGAL AND HAMILTON COMPANY,<br>    Defendant | :<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

I.    **STATEMENT OF THE NATURE OF THE CASE**

On October 22, 2002, the plaintiff, Walter Scott Peterson, M.D. ("Dr. Peterson"), filed this action seeking the payment of long-term disability benefits under a policy issued by the defendants, Provident Life & Accident Insurance Company (hereinafter, "Provident" or the "Defendant") and UnumProvident Corporation ("Unum") (Provident and Unum are collectively referred to as "UnumProvident"). Dr. Peterson's Complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act (CUTPA), and, if applicable, violation of the Employee Retirement Income Security

Act (ERISA).[1] All of these claims against UnumProvident are based on UnumProvident's denial of Dr. Peterson's application for long-term disability benefits.

Dr. Peterson also asserted a claim against the defendant Hilb, Rogal and Hamilton Company for negligent misrepresentation based on statements that were made to induce Dr. Peterson to purchase the long-term disability policy.

## II. ITEMS REQUESTED

On April 30, 2003, Dr. Peterson served the Defendant with Interrogatories and Requests for Production. See Exhibit 1. Interrogatory Number 8 and Requests for Production Number 15 through 20 are at issue and seek information concerning the Defendant's claims process and its handling of disability claims. On June 17, 2003, Defendant's counsel filed answers and objections to the plaintiff's Interrogatories and Request for Production. The Interrogatory and Requests for Production at issue, and Provident's objections thereto, are as follows:

> Interrogatory Number 8: From 1998 to the present, identify all persons including, without limitation, any claims handler, health care provider or third party, employed, retained, or used by Provident who have discussed, investigated, reviewed, made comments, suggestions, recommendations or decisions concerning applications for disability benefits and have provided statements under oath including, without limitation, any statements contained in affidavits, deposition transcripts, or trial testimony, that concern, refer or relate to any allegation that Provident: (a) pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) set targets, goals or projections regarding the rate or number of denial of claims for

---

[1] The plaintiff does not believe that the long-term disability policy at issue is an employee welfare benefit plan governed by ERISA. Nevertheless, the plaintiff has plead, in the alternative, two ERISA causes of action in the event the Court finds that the policy is an ERISA plan.

disability benefits; and/or (c) provides financial incentives to any person to deny or terminate claims for disability benefits.

Objection to Interrogatory Number 8: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy; and, (5) it seeks information protected by the attorney client and/or attorney work product. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request Number 15: From 1999 to the present, produce any documents that concern, refer or relate to: (a) any targets, goals or projections regarding the rate or number of denial of claims for disability benefits; or (b) the review, evaluation, management, supervision and/or handling of claims for disability income benefits including, without limitation, any financial incentives Provident provides to any person to deny or terminate claims for disability benefits

Objection to Requests for Production 15: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks information protected by the attorney client and/or attorney work product; and (5) it seeks documents which constitute or contain confidential, proprietary information and/or trade secrets. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request Number 16: From 1999 to the present, produce any documents, including any affidavits, deposition transcripts or trial transcripts of any person including, without limitation, all claims handlers, health care providers or third parties, employed, retained, or used by you, who discussed, investigated, reviewed, made comments, suggestions, recommendations or decisions concerning applications for disability benefits that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

Objection to Requests for Production Number 16: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy; and, (5) it seeks information which constitute or contain confidential, proprietary information and/or trade secrets. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request Number 17: From 1999 to the present, produce any lawsuits or administrative complaints that have been filed by any person including, without limitation, any complaints filed by any state or federal agency, against Provident that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

Objection to Requests for Production Number 17: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such

documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy; and, (5) it seeks information which constitute or contain confidential, proprietary information and/or trade secrets. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request Number 18: Produce any and all written statements provided by Dr. Fergal McSharry, Diane McGinnis, Angelique Brackett, Gina Hartley, Michelle Payne or any individual identified in response to Interrogatory Number 2 or identified in Request for Production Number 4, that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

Objection to Requests for Production Number 18: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy; and, (5) it seeks information which constitute or contain confidential, proprietary information and/or trade secrets. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request Number 19: Produce any documents relating to any investigation by a state or federal agency that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
5

projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

Objection to Request for Production Number 19: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request Number 20: Produce any documents that relates to any finding or judgment rendered by any state or federal agency or court that Provident: (a) pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) that Provident has engaged in unfair insurance practices or unfair competition.

Objection to Requests for Production Number 20: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy; and, (5) it seeks information which constitute or contain confidential, proprietary information and/or trade secrets. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or

{W1284438}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

6

nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

The Defendant also filed the following general objections to all of Dr. Peterson's discovery requests:

> General Objection: These answers are made solely for the purpose of this action. Each answer is subject to all objections as to competency, relevancy, materiality, propriety, and admissibility, and to any and all other objections on any grounds which would require the exclusion from evidence of any statement herein if any interrogatory were asked of, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at trial. Provident Life and Accident Insurance Company ("Provident") reserves the right to modify or enlarge its answers herein with such pertinent additional information as it may subsequently discover. Furthermore, these answers are made by Provident without prejudice to its using or relying at trial on subsequently discovered information or on information omitted from these answers as a result of good faith oversight, error or mistake. No incidental or implied admissions are intended by these answers. The fact that Provident has answered or objected to any interrogatory or any part of an interrogatory shall not be deemed an admission that Provident accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such answer or objection constitutes admissible evidence. The fact that Provident has answered part or all of any interrogatory is not intended to and shall not be construed as a waiver by Provident of any part of any objection to any interrogatory. To the extent any interrogatory or part thereof calls for legal analysis or reasoning, writing, communications or anything else protected from disclosure by the attorney work-produce doctrine or the attorney-client privileged and part thereof, Provident will not supply or render information or anything else protected from discovery by virtue of such privileges. Provident objects to any interrogatory as burdensome and oppressive which purports to require Provident to conduct an investigation beyond its records, present officers, agents, employees and representatives to determine identifying and locating information for witnesses. These answers will be limited to discoverable information that is in the possession, custody, or control of Provident. These general objections are incorporated by reference into each and every answer set forth below. Subject to and without waiving these general objections,

{W1284438}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

7

Provident responds to plaintiff's interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

The undersigned has made several good faith efforts to resolve the discovery disputes. See Affidavit. Despite these good faith efforts, counsel have not been able to reach an agreement.

The Defendant's position is not justified by existing law and, therefore, it should be compelled to comply with the subject discovery requests.

## II.    LEGAL ARGUMENT:

### A.    Discovery Standard

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed 2d 253 (1978). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### B. The Defendant's Claim that the Requested Information is Not Relevant is Without Merit.

While the Defendant has cited a "laundry list" of objections to the disputed discovery issues, the Defendant's principal objection appears to be that the requested information is not relevant. This objection is misplaced and unjustified based upon the Federal Rules of Civil Procedure and case law.

As noted above, the Federal Rules of Civil Procedure permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Dr. Peterson has asserted a claim under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b et seq ("CUTPA), based on violations of the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. § 38a-816 ("CUIPA"). To support his CUTPA and CUIPA claims, Dr. Peterson has specifically alleged, among other allegations, that UnumProvident has "committed unfair claim settlement practices with such frequency as to indicate a general practice in violation of [CUTPA]" and that UnumProvident "misrepresented the benefits, advantages, conditions or terms" of the disability policy at issue. Compl. ¶ 46. Dr. Peterson has also alleged that UnumProvident "has engaged in a pattern and practice of willfully, and in bad faith, denying claims for disability benefits." Compl. ¶ 37. The information Dr. Peterson has requested in Interrogatory No. 8 and Requests for Production 15 through 20 are clearly relevant to establishing his CUTPA and CUIPA claims.

The Connecticut Supreme Court has held that under CUIPA, the claimant "must allege and prove facts sufficient to show that the insurer was

[c]ommitting or performing [certain specified acts] *with such frequency* as to indicate a *general business practice ...*" Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796 (1995) (emphasis added; internal quotation marks omitted). "In requiring proof [of] ... unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994) (internal quotation marks omitted). Moreover, "[i]n a CUTPA or CUIPA claim, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies *in general*." Heyman Associates No. 1, supra, 231 Conn. at 790 (emphasis added; internal quotation marks omitted). Our Supreme Court, therefore, has concluded "that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of *any other claim*, does not rise to the level of a 'general business practice' as required by 38a-816(6)." Lees, supra. 229 Conn. at 849 (emphasis added).

Interrogatory Number 8 and Production Requests 15 through 20 request information and documents related to the Defendant's claims handling process, which is directly at issue in this case. As such, the Defendant should be ordered to produce the requested information and documents.

The Defendant's reliance on the case of State Farm Mut. Auto. Ins. Co. v. Campbell, 123 U.S. 1513, 123 S. Ct. 1513 (2003) is misplaced for several reasons.

{W1284438}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
10

First, the Supreme Court's decision in State Farm concerned the scope of admissible evidence, not discoverable evidence. In Librado v. M.S. Carriers, 2003 WL 21075918 (N.D. Tex. 2003) (attached as Exhibit 2), the court addressed whether the Supreme Court's ruling in State Farm precluded discovery of "all lawsuits filed against M.S. Carriers, Inc. In [sic] the preceding five (5) years involving claims of personal injury resulting from motor vehicle accidents." Id at *1. The defendant argued that the State Farm case precluded such discovery of "system-wide" practices. The court rejected the defendant's argument, noting that the State Farm decision "addressed the scope of admissible evidence, not discoverable evidence." Id. at *3. The court emphasized that "[d]iscoverability is a separate issue from admissibility at trial; all that is required under Federal Rule of Civil Procedure 26 is that the requested discovery would likely lead to discovery of useful relevant/material evidence. Id. citing Lohr v. Stanley-Bostich, Inc., 135 F.R.D. 162, 164 (W.D. Mich. 1991) ("for discovery purposes, the court need only find that the circumstances surrounding other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences."); see also Wright & Miller, *Federal Practice and Procedure,* Civil § 2008 (1970) ("it is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information may be relevant to the subject matter of the litigation").

Second, unlike the State Farm case, Dr. Peterson is not attempting to introduce evidence at trial concerning the Defendant's general business practices over the past 20 years. Rather, Dr. Peterson's discovery requests are narrowly tailored to solicit information concerning statements made by employees and other agents of the

{W1284458}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

11

Defendant involved in the handling of disability claims that the Defendant: (a) pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; and/or (c) provides financial incentives to any person to deny or terminate claims for disability benefits. This information is reasonably calculated to lead to the discovery of admissible evidence.

In Shapiro v. Paul Revere Life Ins. Co., 1997 WL 601430 (N.D. Cal. 1997) (attached as Exhibit 3), the plaintiff commenced a lawsuit against Paul Revere Life Insurance Company, which was acquired by the Defendant in 1997. The plaintiff alleged that Paul Revere breached a disability insurance contract and violated the implied covenant of goof faith and fair dealing. The plaintiff filed a Motion to Compel the production of documents relating to Paul Revere's claim handling practices including: (1) "any and all documents pertaining to the implementation of 'aggressive claims handling practices' in connection with disability claims"; (2) "all documents regarding the implementation or development of 'corrective action as it relates to claims handling practices' in connection with disability claims"; and (3) all documents evidencing any changes in the way Defendant 'manages or investigates claims.'" Id. at *1.

The Shapiro court granted the plaintiff's motion to compel and, in doing so, rejected Paul Revere's argument that the discovery requests were irrelevant, vague, ambiguous, overbroad, burdensome, a trade secret violation, and/or protected by the attorney client privilege. The court stated that the plaintiff's requests were "logically

connected to Plaintiff's claim for breach of the implied duty of good faith and fair dealing." Id at *1

The Defendant's objection that the requested information is not relevant or reasonably calculated to lead to the discovery of admissible evidence is not justified by existing law and/or the Federal Rules of Civil Procedure.

### C. The Defendant's Additional Objections Are Without Merit.

The Defendant has also generally objected to the discovery requests at issue on the grounds that they are vague, ambiguous, compound and unintelligible, overly broad, unduly burdensome and oppressive (particularly with regard to time and scope), privileged, personal, and confidential information, and are protected by the attorney client and/or attorney work product. Like the Defendant's relevancy objection, these objections are without merit.

All of the requested discovery items are narrowly tailored to seek information concerning the Defendant's claims handling process and specifically related to claims that the Defendant: (a) pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; and/or (c) provides financial incentives to any person to deny or terminate claims for disability benefits. Interrogatory Number 8 is limited to statements made under oath from 1998 to the present; Requests for Production Numbers 15, 16 and 17 are limited to documents from 1999 to the present; Request for Production Number 18 is limited to statements made by particular individuals that, upon information and belief, are or have been involved in

the claims handling process during the relevant time periods; Request for Production 19 is limited to investigations by state or federal agencies; and Request for Production Number 20 is limited to any finding or judgments rendered by any state or federal agency or court. Thus, the discovery requests are not overly broad nor unduly burdensome nor is the requested information vague, ambiguous, compound and/or unintelligible.

The Defendant also has not met its burden of demonstrating that the requested information is privileged, personal and/or confidential. "Defendant, as the party resisting discovery, has the burden of establishing that [the requested information] is privileged and must therefore offer more than a conclusory statement that the information is confidential." Coppola v. Arrow Financial Services LLC Civ. No. 3:02cv577 (PCD) (D. Conn. 2002) citing DDS, Inc. v. Lucas Aerospace Power Transmission Corp., 182 F.R.D. 1, 4 (N.D.N.Y. 1998) (attached as Exhibit 4). It is hard to imagine how, for example, statements made under oath or findings of state agencies and/or courts are privileged, personal and/or confidential.

The Defendant also objects on the grounds that the requested information is subject to the attorney-client privilege and/or work product doctrine. Dr. Peterson advised the Defendant in his First Set of Interrogatories and Requests for Production to provide a privilege log and specific information if any document is withheld on the basis of a privilege. See Exhibit A to Motion to Compel. The Defendant has not provided any such information as required under Fed. R. Civ. Proc.26(b)(5); Local Rule 37(a)(1). Therefore, this objection should also be overruled.

{W1284438}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110      14
Waterbury, CT 06721-1110
Telephone: 203 573-1200

III.  CONCLUSION

Based on the foregoing, the Plaintiff, Walter Scott Peterson, M.D., respectfully requests that this Court grant his Motion to Compel.

>Respectfully submitted,
>Walter Scott Peterson, M.D.
>
>BY: _____
>Augustus R. Southworth III (Bar No. ct04166)
>Domenico Zaino, Jr. (Bar No. ct20082)
>Carmody & Torrance LLP
>50 Leavenworth Street, P.O. Box 1110
>Waterbury, CT 06721-1110
>Phone: 203-573-1200
>Fax: 203-575-2600
>His Attorneys

{W1284438}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
15