2

Not Reported in F.Supp.2d
(Cite as: 2003 WL 21075918 (N.D.Tex.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas, Dallas Division.

Cirilia PEREZ LIBRADO, et al., Plaintiffs,
v.
M.S. CARRIERS, INC., and Michael Keith
Nichols, Defendants.

No. Civ.A.3:02-CV-2095-D.

May 9, 2003.

ORDER

RAMIREZ, Magistrate J.

*1 Before the Court are *Defendant M.S. Carriers, Inc.'s Motion for Reconsideration/Clarification of the Magistrate Judge's Discovery Order*, filed April 9, 2003; *Plaintiffs' Response to Defendant M.S. Carriers, Inc.'s Motion for Reconsideration/Clarification of the Magistrate Judge's Discovery Order and Motion for Sanctions*, filed April 25, 2003; and *Defendant M.S. Carriers, Inc.'s Reply to Plaintiffs' Response to the Motion for Reconsideration/Clarification*, filed April 30, 2003. The preceding motion was referred to the United States Magistrate for hearing, if necessary, and for determination pursuant to the District Court's Order of Reference, filed April 10, 2003. The Court held a hearing on the motion on May 1, 2003. Based on the motion, the response, the oral argument, evidence and applicable law, the Court is of the opinion that *Defendant M.S. Carriers, Inc.'s Motion for Reconsideration/ Clarification of the Magistrate Judge's Discovery Order* should be DENIED.

I. BACKGROUND

On June 25, 2002, Plaintiffs served interrogatories on Defendant, and Defendant served their objections to the interrogatories on August 8, 2002. Plaintiffs moved to compel Defendant to respond on December 23, 2003. In the Joint Submission ordered by the Court and filed by the parties on January 16, 2003, the parties indicated that they had resolved all issues except one pertaining to the following interrogatory:

INTERROGATORY NO. 21: Identify all lawsuits filed against M.S. Carriers, Inc. In [sic] the preceding five (5) years involving claims of personal injury resulting from motor vehicle accidents.

ANSWER: Defendant objects to this Interrogatory in that it is overly broad, irrelevant, and not reasonably calculated to the discovery of admissible evidence.

In the Joint Submission, Defendant argued that the Interrogatory was overly broad because it was not specifically tailored to identify only information pertaining to "substantially similar lawsuits," and that five years was an unreasonable time period. *Id.* By Order dated January 30, 2003, this Court found that "substantially similar" was the standard for admissibility at trial, not discovery. Accordingly, the Court granted Plaintiffs' Motion to Compel and ordered Defendant M.S. Carriers, Inc. to fully respond to Plaintiffs' Interrogatory No. 21.

On February 19, 2003, Plaintiffs filed *Plaintiffs' Motion to Enforce and Motion for Sanctions Against Defendant M.S. Carriers, Inc.* to enforce the Court's January 30, 2003 Order. This Court held a hearing on Plaintiffs' motion to enforce on March 7, 2003. As of that date, Defendant had not produced any information to Plaintiffs pursuant to the January 30, 2003 Order. Defendant argued that complying with the Order would be "burdensome" because the "voluminous request" lacked a "geographical limitation" or "causal connection," and that answering it would require a "nationwide search." Def. Br. at 2-3. Because Defendant made no showing of how or why compliance would be burdensome, the Court granted Plaintiffs' motion to enforce orally and by Order dated March 10, 2003. The March 10, 2003 Order directed Defendant to provide all responsive non-objectionable information no later than 5:00 P.M., on Friday, March 14, 2003. Because Defendant's objections to the January 30, 2003 Order were pending before the District Court, this Court stayed its March 10, 2003 Order, in part, to avoid any potential conflict between the two courts' orders. Accordingly, the March 10, 2003 Order stated that to the extent that the District Court overruled Defendant's objections, Defendant shall provide Plaintiffs with a full and complete answer to Plaintiffs' Interrogatory no later than 5:00 P.M. on the fifth business day after the date on which the District Court's decision is filed.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 21075918 (N.D.Tex.))

Page 2

The District Court's decision overruling Defendant's objections was filed on March 26, 2003. The March 10, 2003 Order therefore required Defendant to produce to Plaintiffs all remaining responsive information no later than 5:00 P.M. on April 2, 2003. Defendant failed to produce *any* information to Plaintiffs on April 2, 2003 in accordance with the March 10, 2003 Order.

*2 On April 9, 2003, after the date for complying with this Court's March 10, 2003 Order had passed, [FN1] Defendant filed this motion for reconsideration of the Court's January 30, 2003 Order.

> FN1. Defendant's failure to comply with the Court's Orders will be addressed separately.

II. ANALYSIS
A. *Standard of Review for Motion for Reconsideration*

"Although the federal rules do not recognize a motion for reconsideration as such, a party may file a motion 'to correct manifest errors of law or fact or to present newly discovered evidence.' " *Seibu Corp. v. KPMG LLP.*, 2001 WL 1658130, at *2 (N.D. Tex. Dec. 20, 2001) (citing *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) and *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.*, 50 F.Supp.2d 619, 621 (E.D.Tex.1999)). "The purpose of such a motion is extremely narrow. Motions for reconsideration are not 'the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier.' " *Id.* (citations omitted). "[L]itigants are expected to present their strongest case when the matter is first considered." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.*, 50 F.Supp.2d 619, 621 (E.D.Tex.1999) (quoting *State v. Sprint Comm. Co.*, 899 F.Supp. 282, 284 (M.D.La.1995)). A ruling should only be reconsidered where the moving party presents substantial reasons for requesting reconsideration. *Baustian v. Louisiana*, 929 F.Supp. 980, 981 (E.D. La.1996); *Louisiana v. Sprint Communications Co.*, 899 F.Supp. 282, 284 (M.D.La.1995).

B. *Change in Law*

Defendant argues that it should not be required to comply with the Court's Orders to respond to Interrogatory No. 21 based on the recent Supreme Court decision, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003). Def. Br. at 4-6. Defendant claims that the *Campbell* decision "unequivocally resolved confusion as to the scope of [system-wide] evidence by holding that a party may not be condemned for nationwide policies rather than for the conduct made directly against the relevant plaintiffs." *Id.* at 4. Defendant further claims that "[i]n doing so, the *Campbell* court expressly rejects a damage model permitting the consideration of a 'system-wide' allegation that crosses a particular state's borders." *Id.* at 5-6. Thus, Defendant argues that because discovery of nationwide information cannot now as a matter of law lead to the discovery of relevant and admissible evidence, it should not now be required to comply with the Court's orders to provide nation-wide discovery. *Id.* at 6.

In *Campbell,* the Supreme Court held that a punitive damages award of $145 million, where full compensatory damages were $1 million, was excessive and violated the Due Process Clause of the Fourteenth Amendment. 123 S.Ct. at 1526. The Supreme Court found that the Utah courts erred in relying and awarding punitive damages on evidence of lawful out-of-state conduct that bore no relation or was dissimilar to the conduct which harmed the plaintiffs. *Id.* at 1523-26. The Court expressly stated, however, that "evidence of other acts need not be identical to have relevance in the calculation of punitive damages." *Id.* at 1523. Thus, evidence of similar conduct or conduct having a nexus to the specific harm suffered by the plaintiff may still be admitted and considered in assessing punitive damages.

*3 *Campbell* addressed the scope of admissible evidence, not discoverable evidence. Discoverability is a separate issue from admissibility at trial; all that is required under Federal Rule of Civil Procedure 26 is that the requested discovery would likely lead to discovery of useful relevant/material evidence. *See Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 164 (W.D.Mich.1991) ("for discovery purposes, the court need only find that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 21075918 (N.D.Tex.))

Page 3

substantially similar occurrences"); *Briney v. Deere & Co.,* 150 F.R.D. 159, 163 (S.D.Ia.1993), *citing* 8 Wright & Miller, *Federal Practice and Procedure,* Civil § 2008 (1970) ("it is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action"). This Court has previously found that the discovery requested by Plaintiffs is reasonably calculated to lead to the discovery of admissible evidence. Given the recent amendment of Plaintiffs' complaint, the requested discovery is even more relevant.

Defendant again conflates the strictures of admissibility at trial with the broad scope of the federal discovery rules. The holding of *Campbell* is not inconsistent with the Court's January 30, 2003 ruling that "substantial similarity" is the standard for admissibility at trial, not discovery. Defendant has not met its burden to establish that the Court's January 30, 2003 ruling was a manifest error of law. Accordingly, reconsideration on this ground is denied.

C. *Undue Burden*

Defendant again asserts that compliance would be unduly burdensome, this time offering a supporting affidavit by one of Defendant's employees. It is well-settled that a motion for reconsideration is "not 'the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." ' *Seibu Corp.,* 2001 WL 1658130, at *2. Indeed, the language of Rule 33 and the Advisory Committee Notes strongly suggests a presumption that all objections should be interposed in one consolidated response filed within the period allowed by Rule 33(b). This approach is consistent with the general philosophy of the pretrial disclosure discovery rules, namely to facilitate the swift and efficient disclosure of all information relevant to the subject matter of a case. *See* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: Civil § 2001 (2d ed. 1994) ("The basic philosophy underlying [discovery] procedure was that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged."); Fed. R. Civ. P. 26(a)(1)-(4) (requiring that certain information be disclosed even without service of formal discovery requests); *see also* Fed.

R. Civ. P. 1 (describing the overall purpose of the Federal Rules of Civil Procedure as the "just, speedy, and inexpensive determination of every action."). Therefore, "litigants are expected to present their strongest case when the matter is first considered." *Texas Instruments, Inc.,* 50 F.Supp.2d at 621.

*4 Assuming, without deciding, that Defendant did not waive the undue burden objection by failing to specifically state it in its response to Interrogatory No. 21, Defendant wholly failed to meet its burden to show how the request was burdensome in its previous filings. A party opposing discovery bears the burden of showing why discovery should be denied. *Beach v. City of Olathe, KS,* 203 F.R.D. 489, 493 (D.Kan.2001); *Alexander v. FBI,* 192 F.R.D. 50, 53 (D.D.C.2000). In order to satisfy its burden, the objecting party must make a specific, detailed showing of how an interrogatory is burdensome. *Alexander,* 192 F.R.D. at 53. A mere statement by a party that an interrogatory is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. *St. Paul Reinsurance Co. v. Commercial Financial Corp.,* 198 F.R.D. 508, 511-12 (N.D.Ia.2000). Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. *Harding v. Dana Transport Inc.,* 914 F.Supp. 1084, 1102 (D.N.J.1996).

Defendant has offered its evidence in a seriatim fashion after losing on its initial arguments and after the time for compliance has passed. Defendant has not shown why, through the exercise of due diligence, it could not have presented evidence of undue burden in its earlier filings. Further, the proffered evidence is not sufficiently specific to show why Defendant cannot comply at least in part with the Court's Orders, or what efforts it has made to try to comply with the Court's Orders. It is clear from the representations at the hearing that Defendant can produce at least some information responsive to Interrogatory No. 21. Accordingly,

*M.S. Carriers, Inc.'s Motion for Reconsideration/Clarification of the Magistrate Judge's Discovery Order* is hereby DENIED.

2003 WL 21075918 (N.D.Tex.)

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
**(Cite as: 2003 WL 21075918 (N.D.Tex.))**

Page 4

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



Not Reported in F.Supp.
(Cite as: 1997 WL 601430 (N.D.Cal.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court, N.D. California.

James S. SHAPIRO, Plaintiff,
v.
PAUL REVERE LIFE INSURANCE COMPANY, et al., Defendants.

No. C-96-1758-FMS (JL).

Sept. 18, 1997.

ORDER

LARSON, Magistrate J.

INTRODUCTION

*1 Defendant's Motion to Compel Plaintiff to Appear and Answer Deposition Questions and for Sanctions, Plaintiff's Motion to Compel the Production of Documents, and Plaintiff's Motion to Compel Responses to Requests for Admissions came on for hearing on September 10, 1997. Appearing for Plaintiff was Craig Miller, Esq. Appearing for Defendant was William Lee, Esq.

FACTUAL BACKGROUND

This is a lawsuit alleging breach of insurance contract and breach of the implied covenant of good faith and fair dealing. Plaintiff ("Shapiro") claims Defendant ("PRLIC") improperly failed to pay disability benefits under Defendant's policy. Plaintiff

filed this action in the Superior Court of the State of California for the County of Alameda on March 27, 1996. Defendant removed the case to federal court on diversity grounds on May 10, 1996.

MOTIONS
I. DEFENDANT'S MOTION TO COMPEL
DEPOSITION AND MOTION FOR SANCTIONS

This motion arises from Defendant's deposition of Plaintiff taken July 18, 1997. Plaintiff's counsel repeatedly instructed Plaintiff not to answer questions relating to the interpretation of his

performance reports for the years 1995-1996. July 18, 1997 Deposition Transcript, p. 184-194.

ANALYSIS

FRCP 30(d)(1) provides exclusive grounds for instructing a deponent not to answer. Plaintiff's objection was not made in order to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under FRCP 30(d)(3).

Defendant's deposition questions were not intended unreasonably to annoy, embarrass, or oppress the deponent. The questions are relevant to Plaintiff's claim of total disability.

CONCLUSION

Plaintiff's objections and instructions to his client were improper. The deposition questions were reasonably calculated to lead to admissible evidence. Accordingly, Defendant's motion is granted.

Plaintiff's objections were devoid of merit and failed to comply with the established procedure of FRCP 30(c), requiring Defendant to file this motion. Reasonable sanctions are granted in the amount of $1,500.

II. PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

This is a motion by Plaintiff to Compel the Production of Documents, responsive to Request Numbers Eight through Sixteen of Set Number Two, relating to Defendant's claims handling practices. Requests Eight through Eleven seek all documents pertaining to the implementation and development of "aggressive claims handling practices" in connection with disability claims; Requests Twelve through Fifteen seek all documents regarding the implementation or development of "corrective action as it relates to claims handling practices" in connection with disability claims; and Request Sixteen seeks all documents evidencing any changes in the way Defendant "manages or investigates claims."

ANALYSIS
RELEVANCE

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
(Cite as: 1997 WL 601430 (N.D.Cal.))

Page 2

Plaintiff requests documents regarding changes in Defendant's business practices, specifically those relating to claims management. These requests are logically connected to Plaintiff's claim for breach of implied duty of good faith and fair dealing. California courts have "for years recognized that claims manuals are admissible in coverage dispute litigation." *Glenfed Dev. Co. v. Superior Court,* 53 Cal.App.4th 1113, 62 Cal.Rptr.2d 195 (1997). Any documentation of changes to claims handling practices could logically be considered an addendum to a claims handling manual. There is a logical basis to state that any official company document or material which is relied upon by a claims examiner in making a coverage decision could be considered a "claims manual."

### EFFECT OF PROTECTIVE ORDER

*2 Plaintiff's counsel represents a Mr. Edwards in a case extremely similar to the instant case, *Edwards v. Paul Revere Life Insurance Co.,* 96-1714-K (LSP), pending in U.S.D.C., Southern District of California. In *Edwards,* Plaintiff obtained several documents similar to those sought under the present motion.

In Plaintiff's present motion to compel documents, Plaintiff's counsel cites the *Edwards* case for the proposition that similar requests for production of documents were granted in *Edwards,* and, therefore, the motion should be granted again.

The production of documents in *Edwards* does not constitute grounds for granting the motion in the instant case, and is disregarded except as to its underlying reasoning.

### VAGUENESS AND AMBIGUITY

Defendant claims the terms "Aggressive Claims Handling" (Nos.8-12), "Corrective Action" (Nos.13-15), and "Changes in the Manner in which [[[Defendant] Managed, Processed, Handled, and/or Investigated Claims for Disability Benefits" are vague and ambiguous.

Defendant argues none of the terms in the requests are terms of art used by Defendant. Defendant therefore claims they would be forced to "read through each and every piece of paper generated by the Company to determine whether it discussed or contained the phrase 'aggressive claims handling,' " etc. (Defendant's Opposition, page 8-9).

Defendant's argument is disingenuous. It is abundantly clear Plaintiff is not requesting every document with the specific phrase "Aggressive Handling Practices" or the specific term "Corrective Action" or the specific term "Changes in the Manner ..." Plaintiff wishes for Defendant to produce all documents reasonably related to this issue, not the specific term. Defendant has failed to explain in detail how the requests are vague and ambiguous. The terms are defined clearly enough in the exhibits attached to the motion, which establish the context for the claim.

### OVERBREADTH

Defendant further objects to Requests Thirteen through Sixteen on grounds that the requests are overbroad. Plaintiff requests all documents dating back to 1989, which was the date of Plaintiff's original claim. The Plaintiff also limits its requests to changes in claims handling of disability policies. The requests are not overbroad as to subject matter or time.

### BURDENSOMENESS

Defendant objects to Requests Eight through Sixteen on grounds of burdensomeness. A blanket assertion of burden will not suffice to sustain the objection. Plaintiff is simply asking for any documentation from Defendant's management that would have placed claims examiners on notice regarding new policies or practices regarding the handling of disability claims.

### TRADE SECRET VIOLATION

Defendant's trade secret privilege objection is alleviated by Plaintiff's offer to sign a protective order preserving the alleged secrecy of the information sought. (Plaintiff's Memorandum of Points and Authorities, Page 8- 9.)

### ATTORNEY-CLIENT PRIVILEGE

*3 A prerequisite to a successful privilege objection is the maintenance of a privilege log. *United States v. Construction Products Research, Inc.,* 73 F.3d 464 (2nd Cir.1996). Defendant has failed to comply with this requirement. Accordingly, this objection fails.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
(Cite as: 1997 WL 601430 (N.D.Cal.))

Page 3

Furthermore, generalized, non-specific claims of privilege may waive any otherwise applicable privilege. *Eureka Financial Corp. v. Hartford Acc. & Indem. Co.,* 136 F.R.D. 179 (E.D.Ca.1991). Defendant failed to provide a specific objection both in its initial response to requests for production of documents and Defendant's response to Plaintiff's motion to compel, and accordingly this objection is waived.

CONCLUSION

Plaintiff's Requests for Production of Documents are reasonably calculated to lead to the discovery of admissible evidence. None of the objections cited by Defendant is valid.

*III. PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSIONS*
A. PROCEDURAL ISSUES

Civ.L.R. 37-1(a), provides, in relevant portion, "[f]ormal motions shall be noticed and filed in accordance with Civ.L.R. 7-2" (i.e. not less than 35 days after service of the motion). Civ.L.R. 37-1(b) requires counsel to confer for the purpose of resolving disputed issues as a prerequisite to the court's involvement in settling the dispute.

In the interests of judicial economy, the Court exercises its discretion by waiving the strict requirements of Civ.L.R. 37-1(a) and Civ.L.R. 37-1(b).

B. LEGAL ISSUES

Plaintiff took the deposition of Joan O'Toole, a claims examiner for Defendant, "PRLIC." Ms. O'Toole played a significant role in handling Plaintiff's disability claim. Ms. O'Toole wrote a note regarding the claim, upon which the notation "Not For File" was written across the top. The note remained in the file, nevertheless.

Plaintiff has obtained two documents produced by Defendant's Claims Department from an unrelated case. The documents were produced by Defendant in handling the disability claim of Defendant's insured, Philip Blackmer. Both "Blackmer" documents carry the phrase "Not For File" written across the top of the document.

Plaintiff seeks to introduce the documents in order to allege Defendant has a policy of not including certain documents in the claim file. In an effort to authenticate and lay a foundation for the introduction of the "Blackmer" documents, plaintiff served several requests for admissions upon Defendant. Request Numbers One through Nineteen, Set One, seek admissions that the writing on the documents can be properly attributed to the persons whose names appear on the documents, that the persons whose names appear on the documents were in fact employed by Defendant, and that the documents are valid.

ANALYSIS
PRIVILEGED INFORMATION

California Insurance Code § 791.13(a) provides that an insurer may not disclose any personal or privileged information collected during the handling of a claim unless the insured consents in writing. Phillip Blackmer has consented in writing to the use of the documents in the present case; therefore, the requests for admissions do not violate the privacy rights of PRLIC's insured. (Plaintiff's Supp. Decl. In Support of Plaintiff's Motion, Exhibit "A")

RELEVANCE

*4 "[A] central theme common to those cases which have sustained punitive awards is the existence of *established policies or practices* in claims handling which are harmful to insureds. *Mock v. Michigan Millers Mutual Ins. Co.,* 4 Cal.App.4th 306, at 329, 5 Cal.Rptr.2d 594 (1992) (emphasis in original). "In *Patrick v. Maryland Casualty Co.* [217 Cal.App.3d 1566, at 1576 (1990) ], the court seemed to suggest that what was required was 'a consistent and unremedied pattern of egregious insurer practices' in order for the insurer's 'bad faith' conduct to rise to the level of malicious disregard of the insured's rights so as to warrant the imposition of punitive damages." *Mock* at 329, 5 Cal.Rptr.2d 594.

In the instant case, Plaintiff is alleging that Defendant routinely removes or does not include any information in the claims file which is negative to Defendant's position. Plaintiff is alleging Defendant's use of the term "Not For File" evidences a pattern indicating a conscious effort on Defendant's part to eliminate certain materials adverse to the Defendant's position. Since Plaintiff is pursuing punitive damages for his breach of the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 3:02-cv-01844-CFD   Document 29-5   Filed 02/18/2004   Page 10 of 18   Page 5 of 5

Not Reported in F.Supp.
(Cite as: 1997 WL 601430 (N.D.Cal.))

Page 4

covenant of good faith and fair dealing claim, this information is likely to lead to admissible evidence. Furthermore, this alleged practice is relevant in that, if proven, it would be a circumvention of California Code of Regulations Title 10, Chapter 5, Subchapter 7.5, § 2695.3 (California Unfair Claims Settlement Practices Regulations), which requires insurance companies to maintain claim files which contain all documents, notes and work papers which reasonably pertain to the claim.

CONCLUSION

Plaintiff's Requests for Admission are reasonably calculated to lead to the discovery of admissible evidence. None of the objections cited by Defendant is valid.

ORDER

Defendant's Motion to Compel Plaintiff to Appear and Answer Deposition Questions is GRANTED. Plaintiff's Motion to Compel Production of Documents is GRANTED. Plaintiff's Motion to Compel Answers to Requests for Admissions is GRANTED. Compliance with this ORDER is required on or before September 29, 1997.

SANCTIONS

Defendant has requested sanctions in connection with its Motion to Compel Plaintiff to Appear and Answer Deposition Questions. FRCP 37 and Civil Local Rule 37-1(e) provide sanctions for failure to cooperate with discovery. FRCP 37(a)(4)(A) provides, in relevant portion, "if the motion is granted ... the court shall ... require the party or deponent whose conduct necessitated the motion ... to pay to the moving party reasonable expenses incurred in making the motion, including attorney's fees." The court awards sanctions against Plaintiff in the amount of $1,500.

1997 WL 601430 (N.D.Cal.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RALPH COPPOLA,  :
    Plaintiff, :
     :
    -vs- : Civ. No. 3:02cv577 (PCD)
     :
ARROW FINANCIAL SERVICES, LLC, :
    Defendant. :

RULING ON MOTION TO COMPEL

Plaintiff moves to compel responses to certain interrogatories and requests for production. For the reasons set forth hereon, the motion is **granted in part**.

I. BACKGROUND

Plaintiff alleges that defendant acquired plaintiff's debt owed to Home Depot. Defendant undertook to collect the debt from plaintiff, and in doing so violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, the Connecticut Creditor Collection Practices Act, CONN. GEN. STAT. § 36a-645, the Connecticut Consumer Collection Agency Act, CONN. GEN. STAT. § 36a-800 and the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110a.

Defendant objected and refused to respond to eight interrogatories and seven requests for production, which are the subject of the present motion to compel. The details of each are set forth in the discussion.

II. DISCUSSION

Plaintiff moves to compel responses to the above requests. Defendant responds that the objections are valid and should be sustained.

The scope of permissible discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). However, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2). An order compelling discovery may be tailored to the circumstances of the case. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Interrogatory 2: Identify Ann Brown          Objection: irrelevant

Defendant's objection is overruled. The collection letter signed by Ann Brown identifies her as an account executive. Defendant argues that this information suffices and it need provide no greater detail. As an identified representative of defendant and signatory of a collection letter, Ms. Brown may have personal knowledge of defendant's collection practices or have knowledge that may lead to discoverable material. Defendant must provide her "full name, present or last known address, and . . . [her] present or last known place of employment." D. CONN. L. CIV. R 39©)(3).

> Interrogatory 3: On a separate page, please set forth a plain English transcript of the "contact history," media, or credit records defendant is asked to produce herewith, including meaning of code numbers and abbreviations from top to bottom.
> Objection: beyond the scope of discovery, vague, broad, burdensome and irrelevant.
> Defendant's objection to Interrogatory 3 as vague is sustained. Contrary to plaintiff's

2

argument, this discovery request is substantially different from that in *Yancey v. Hooten*, 180 F.R.D. 203, 213 (D. Conn. 1998), in which the court ordered the production of collection records and a key to codes used therein. In the present case, the phrase "contact history" is not defined in the motion papers and appears to have a meaning unique to the request as implied by the use of quotation marks. Furthermore, the phrase "English transcript" implies more is sought from defendant than a simple explanation of codes used in collection records and defendant need not guess at the specific information and applicable level of detail for the information sought.

> Interrogatory 4: Identify each consumer reporting agency (credit bureau) to which defendant reported plaintiff's debt and the dates of each such report. Objection: irrelevant

Defendant's objection is overruled. In his complaint, plaintiff alleges that defendant violated 15 U.S.C. § 1692e, *see* Complaint ¶ 11, which prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff need not refer to the specific subsection as defendant has notice of the claim. The information sought is therefore relevant to a violation of 15 U.S.C. § 1692e(8).

> Interrogatory 5: Provide an itemized calculation of the amount claimed due in your demand letters to plaintiff (interest, principal, collection charge, other components if any). Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private.

Unlike Interrogatory 3, Interrogatory 5 sufficiently defines the term "itemized calculation" in the parenthetical. Fees or costs added to an underlying debt on which collection is sought are relevant to an FDCPA claim. *See* 15 U.S.C. § 1692f(1). As to defendant's objection that its method of calculating the debt owed is confidential, plaintiff requests an itemized breakdown of the debt sought,

3

not the methods through which those numbers are calculated. Defendant, as the party resisting discovery, has the burden of establishing that this commercial information is privileged and must therefore offer more than a conclusory statement that the information is confidential. *See DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y. 1998). It is in no way apparent how an itemization of the component figures added onto the principal debt could be classified as a trade secret. Having failed to provide any basis in law supporting its position, defendant's objection is overruled.

>Interrogatory 6: Set forth the street address of the location at which phone number 800-279-0224 is answered. Objection: irrelevant

Defendant's objection is overruled. Plaintiff has alleged that defendant violated 15 U.S.C. §§ 1692e, 1692f. Defendant argues that there is no allegation that it was unlicensed. Plaintiff's invocation of these sections suffices to put defendant on notice of the claim and the claims arising under those sections pertaining to unlicensed debt collection. *See Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1414 (D. Conn. 1990).

>Interrogatory 7: Identify the parties to the purchase and sale agreement whereby defendant acquired plaintiff's former Home Depot account. If a broker was involved, identify that entity. Objection: irrelevant, confidential, proprietary and private

In its answer, defendant denied plaintiff's allegation that it acquired plaintiff's Home Depot debt. As such, plaintiff is entitled to pursue discovery on the issue. Moreover, whether defendant is legally entitled to collect its debt is directly relevant to a claim under 15 U.S.C. §§ 1692e, 1692f. Defendant's claim of confidentiality, without further explanation or citation to legal authority, is not a valid basis for refusing a discovery request. *See DDS, Inc. v. Lucas Aerospace Power Transmission*

4

*Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y. 1998).   The objection is overruled.

> Interrogatory 8: Identify all assignees of plaintiffs' former Home Depot account in and since 2001.  If any assignee is a trust, identify each trustee thereof.  Objection: "assignee" is not defined, overly vague

Defendant objects on the ground that the term "assignee" is ambiguous.  According the term its ordinary meaning in the context in which it is used, such objection is without merit.  The objection is overruled.

> Interrogatory 9:  Describe in full each of Arrow's "several programs that will help you to absolve your obligation. (Letter 2015)"  Objection: irrelevant

Defendant's objection is overruled.  "[T]he use of any false, deceptive, or misleading representation in a collection letter violates § 1692e." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993).  The existence of such programs goes to the truth of the statement in the collection letter.

> Request for Production 2:  All manuals, procedures, and protocols used by defendant regarding communication with Home Depot regarding purchased debts.  Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled.  *See* ruling on objection to Interrogatory 7.

> Request for Production 3: All documents concerning indemnity agreements relating to Home Depot regarding purchased debts.  Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled.  *See* ruling on objection to Interrogatory 7.

> Request for Production 6: All agreements between defendant and Home Depot in effect during 2001 as to the purchase or collection of debts.  Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled.  *See* ruling on objection to Interrogatory 7.

> Request for Production 7: All other documents showing authorization of defendant to collect debts for Home Depot during 2001.  Objection: overly broad, burdensome,

5

irrelevant, confidential, proprietary and private

Defendant's objection is overruled. *See* ruling on objection to Interrogatory 7.

Request for Production 10: All agreements of defendant with any entity concerning servicing or collection of the debt of plaintiff. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private, attorney client privilege, work product

Defendant's objection is overruled. *See* ruling on objection to Interrogatory 7.

Request for Production 13: Copies of all documents showing Arrow's "several programs that will help you to absolve your obligation." Objection: irrelevant

Defendant's objection is overruled. *See* ruling on objection to Interrogatory 9.

## III. CONCLUSION

Plaintiff's motion to compel (Doc. 15) is **granted in part**. Defendant is hereby ordered to respond to Interrogatories 2, 4, 5, 6, 7, 8 and 9 and Production Requests 2, 3, 6, 7, 10, 11, and 13, compliance on or before November 18, 2002.

SO ORDERED.

Dated at New Haven, Connecticut, October ___, 2002.

_____
Peter C. Dorsey
United States District Judge

6