Exhibit

D

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WALTER SCOTT PETERSON       :     CIVIL ACTION NO.

              Plaintiff,           :     3:02CV01844 (CFD)

                            :

VS.                          :

                            :     APRIL 30, 2003

UNUMPROVIDENT CORPORATION,    :
              Defendant
PROVIDENT LIFE AND ACCIDENT    :
INSURANCE COMPANY,            :
              Defendant
HILB, ROGAL AND HAMILTON COMPANY,   :
              Defendant

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the

Plaintiff, Walter Scott Peterson, hereby requests, that the Defendant, Provident Life

and Accident Insurance Company (hereinafter "Provident"), answer in writing and

under oath the following Interrogatories and produce to counsel for Plaintiff the

documents described in the following Requests for Production at the Offices of

Carmody and Torrance LLP, P.O. Box 1110, 50 Leavenworth Street, Waterbury,

Connecticut, within thirty (30) days of the date of service hereof. These

Interrogatories and Requests for Production are continuing in nature and Provident is

CARMODY & TORRANCE LLP    50 Leavenworth Street
AW-726849.5Y                 Post Office Box 1110
                       Waterbury, CT 06721-1110
                       Telephone: 203 573-1200

requested to supplement its answers to include information acquired at any time up

to and including the day of trial.

## DEFINITIONS

As used herein, the following terms shall have the meaning indicated below:

(1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) *Document.* The term "document(s)" shall mean: (a) writings of any kind, formal or informal, whether or not wholly or partially in printing, typewriting, handwriting or otherwise in the possession, custody, or control of Provident, as hereinafter defined, (including, without limitation, any book, memorandum, records, note, sketch, drawing, contract, minutes, memorandum of telephone and other conversations and of any meeting or agreement and the like, diary, calendar, desk pad, scrap pad, notebook, bulletin, circular, form, pamphlet, statement, journal, postcard, letter, telegram, facsimile, report, notice, message, analysis, comparison, graph, chart, interoffice or intra-office communications, affidavit, deposition transcript, photostat, check, check register, check stub, medical records, reports, tests, psychiatric and psychological treatment records, medication and/or pharmacy records, doctors and nurses notes, and all other hospital records, diagnostic tests, evaluations, notes, summaries, correspondence, x-ray films, and bills pertaining to the services provided by any health care provider, as hereinafter defined, or any copy of any such document(s)); (b) videotape or other film record; (c) any photograph; (d) any sound recording on whatever type of device; and (e) any information kept on a computer or other electronic device or other type of memory and any other form or type of preserved and retrievable information generally associated with any electronic computer or data storage and retrieval device; and, including electronic mail, and with respect to all of the above (1) every copy of each document which is not an exact duplicate of the document produced, (2) every copy which has any writing, figure, or notation, annotation of the like on it, (3) drafts, (4) any attachment to or enclosure with any document, and (5) every document referred to in any other documents.

(3) *Identify (With Respect to Persons).* When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, job title or position. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) *Identify (With Respect to Documents)*.  When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) *Parties*.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) *Person*.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) *Plaintiff*.  As used in these Interrogatories and Requests for Production, the term "Plaintiff" means Walter Scott Peterson.

(8) *"Plaintiff's Claim for Disability Benefits."*  As used in these Interrogatories and Requests for Production, the term "Plaintiff's Claim for Disability Benefits" refers to the claim for disability insurance benefits the Plaintiff filed on or about October 25, 2000.

(9) *Concerning*.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(10) The words *"you"* or *"your"* or *"Provident"* or *"Company"* or *"Defendant"* means Provident Life and Accident Insurance Company and any of its subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors and successors including but not limited to UnumProvident Corporation, Provident Life & Casualty, Provident Companies, Unum Corporation, Paul Revere Corporation, and GENEX Services, Inc., as well as the Company's present and former officers, directors, employees, representatives, agents, servants, intermediaries and other persons acting on behalf of any of the foregoing, insofar as they were acting in that capacity.

(11)    *Health Care Providers*.  As used in these Interrogatories and Requests for Production, the term "health care provider" means any hospital, crisis clinic, medical or mental health care clinic, physician, psychiatrist, psychologist, social worker, counselor, therapist, physician's assistant, drug or alcohol counselor, physical or occupational therapist, family counselor, naturopath, chiropractor, nurse, nurse practitioner, mental health care nurse or any other person or entity who furnishes health care services.

CARMODY & TORRANCE LLP
Attorneys at Law
(N1226499.5)

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

(12)   *Disability Income Policy.* As used in these Interrogatories and Requests for Production, the term "Disability Income Policy" means the Disability Income Policy contract issued by Provident Life and Accident Insurance Company to the Plaintiff with the policy number 6-335-751908.

Also, the following rules of construction apply to all discovery requests:

(1)   *All/Each.* The terms "all" and "each" shall both be construed as all and each.

(2)   *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(3)   *Number.* The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

In responding to these Interrogatories and Production Requests, please comply with the following instructions:

1.   Scope

Information sought in these Interrogatories and Production Requests shall include information within the knowledge, possession, control or access of Provident or Provident's agents, employees, attorney, or investigators (including investigators of an attorney) or any person acting as Provident's representative or on Provident's behalf, including, but not limited to, any other independent attorney, agent or investigator. If Provident cannot answer any portion of any of the following Interrogatories and Requests for Production in full after exercising diligence to secure the information, Provident should so state and answer to the extent possible, specifying Provident's inability to answer the remainder and stating whatever information or knowledge Provident has concerning the unanswered portions.

2.   Documents Withheld From Production

If Provident withholds from production any document encompassed by these Requests for Production, please set forth the following:

(a)   The identity of the document withheld and a legal basis for withholding it;

    (b)    The identity of the author, signor, addressee and recipient of the withheld document;

    (c)    The date on which the document was drafted; and

    (d)    A summary of the document's contents.

3.    <u>Claim Of Privilege</u>

If Provident objects to the production of any document or part of a document on the basis of a privilege, please provide a statement signed by Provident's attorney which s ets f orth a s t o e ach d ocument t hat i s w ithheld o n a c laim o f p rivilege t he following information:

    (a)    The name and address of the person(s) who possess or control the document and each copy of the document;

    (b)    The name of the author(s) of the document;

    (c)    The name of the sender(s) of the document if different from the author(s);

    (d)    The name of the person(s) to whom the copies were sent or otherwise made available;

    (e)    The business affiliation and job title of every person named in (a), (b), (c) and (d) above;

    (f)    The date of the document;

    (g)    A brief description of the nature (<u>e.g.</u>, letter, memorandum) and subject matter of the document; and

    (h)    The basis for the privilege claim.

CARMODY & TORRANCE LLP    50 Leavenworth Street
AW1026499.07    Post Office Box 1110
    Waterbury, CT 06721-1110   5
    Telephone: 203 573-1200

4.     Lost Or Destroyed Documents

If any document that would have been responsive to a request herein has been destroyed or is no longer in Provident's possession, custody or control, provide the following information:

(a)     The date of the document;

(b)     The names and job titles of the preparer(s), sender(s), and recipient(s) of the document;

(c)     The date of and the identity of the person(s) responsible for its destruction, loss, transfer or other act or omission by which the document left Provident's possession, custody or control; and

(d)     The circumstances surrounding the loss of a document or the reason for its destruction.

5.     Each request and sub-part should be responded to separately; however, a document which is responsive to more than one request may, if the relevant portion is so marked or indexed, be produced or referred to in a later response.

6.     Each request refers to all documents that are either known by Provident to exist or that can be located or discovered by reasonably diligent effort by Provident and its agents.

7.     This Request is continuing and Provident is under a continuing duty to file amended responses to the date of trial as supplemental information is discovered, in accordance with Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1.      Please identify with specificity each and every fact that supports your determination that the Plaintiff is not disabled as defined under the Disability Income Policy.  In doing so, please identify all documents that you relied on in making this determination.

**ANSWER:**

2.      Identify all persons including, without limitation, all claims handlers, health care providers or third parties, employed, retained, or used by you or any of your subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors, who discussed, investigated, reviewed, made comments, suggestions, recommendations or decisions concerning Plaintiff including, without limitation, (a) Plaintiff's Claim for Disability Benefits, (d) Plaintiff's medical condition, daily activities, lifestyle, physical limitations, or (c) Plaintiff's work or lifestyle abilities, limitations or restrictions.

**ANSWER:**

3.      For each person identified in response to Interrogatory Number 2, describe in detail their discussions, investigation(s), reviews, comments, suggestions, recommendations or decisions concerning Plaintiff including, without limitation, (a) Plaintiff's Claim for Disability Benefits, (b) Plaintiff's medical condition, daily activities, lifestyle, physical limitations, or (c) Plaintiff's work or lifestyle abilities, limitations or restrictions.

**ANSWER:**

4.     For each person identified in response to Interrogatory Number Two describe in detail the relationship between such person and Provident and/or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors (this includes, but is not limited to, GENEX Services, Inc.) from 2000 to the present including, but not limited to:

**ANSWER:**

    (a)     whether the person is an employee, agent, consultant, independent contractor, officer, or director of Provident or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors;

**ANSWER:**

    (b)     the date the relationship commenced between the person and Provident or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors and successors;

**ANSWER:**

    (c)     whether and, if so, how the person is compensated or paid by Provident or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors, including, without limitation, whether the person is entitled to any

benefits, bonuses or incentive payments, and the standards for awarding any benefits, bonuses, incentive payments or other compensation or payments paid to such person;

**ANSWER:**

    (d)    the total payments that have been made and benefits that have been provided to such person by Provident or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors as a result of the person's discussions, investigation(s), reviews, comments, suggestions, recommendations or decisions concerning Plaintiff including, without limitation, (i) Plaintiff's Claim for Disability Benefits, (ii) Plaintiff's medical condition, daily activities, lifestyle, physical limitations, or (iii) Plaintiff's work or lifestyle abilities, limitations or restrictions; and

**ANSWER:**

    (e)    the total payments that have been made and benefits that have been provided to such person by Provident or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors during each calendar year from 1997 to the present.

**ANSWER:**

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1226499.1}    Post Office Box 1110
    Waterbury, CT 06721-1110  9
    Telephone: 203 573-1200

5.    Indicate whether the Plaintiff was insured under the Disability Income Policy as an ophthalmic surgeon specializing in cataract and implant surgery.

**ANSWER:**

6.    Identify all persons who took any photographs or conducted any surveillance concerning or depicting Plaintiff, and state the date(s) of these activities.

**ANSWER:**

7.    Please identify the person(s) who made the final decision to deny the Plaintiff's Claim for Disability Benefits, and state the date(s) of that decision and the person's employer.

**ANSWER:**

8.    From 1998 to the present, identify all persons including, without limitation, any claims handler, health care provider or third party, employed, retained, or used by Provident who have discussed, investigated, reviewed, made comments, suggestions, recommendations or decisions concerning applications for disability benefits and have provided statements under oath including, without limitation, any statements contained in affidavits, deposition transcripts, or trial testimony, that concern, refer or relate to any allegation that Provident: (a) pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; and/or (c) provides financial incentives to any person to deny or terminate claims for disability benefits.

**ANSWER:**

9.    Please explain in detail all actions undertaken by Provident, or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors, agents, representatives, employees and/or contractors, to review or evaluate the Plaintiff's Claim for Disability Benefits, including, without limitation, the date(s) each action was taken and the person(s) who took such action.

**ANSWER:**

10.    Please identify any conferences or meetings during which Dr. Peterson's Claim for Disability Benefits was discussed including: (a) the date(s) of each such conference or meeting, (b) all persons present at the conference or meeting, and (c) explain in detail what was discussed at such conference or meeting that relates to Dr. Peterson.

**ANSWER:**

11.    From 2000 to the present, please indicate the number of persons Dr. Michael R. Greer has evaluated or examined on behalf, or at the direction, of Provident or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors, who have filed an application for disability benefit and described the injury or sickness as a heart attack or myocardial infarction, and the date(s) of their evaluations.  How many of these claims for disability benefits were denied?

**ANSWER:**

12.     Please set forth Dr. Greer's compensation (including any monetary remuneration or benefits) received from Provident during each calendar year from 2000 to the present.

**ANSWER:**

13.     Identify the last known address of every person identified in response to Interrogatory Number 2, every person identified in Request for Production Number 4, and every person identified in Request for Production Number 17.

**ANSWER:**

## **REQUESTS FOR PRODUCTION**

1.      Produce all documents concerning: (a) the Plaintiff; (b) the present lawsuit filed by Plaintiff; or (c) the Plaintiff's Claim for Disability Benefits including, without limitation, all documents that you relied or referred to in denying Plaintiff's Claim for Disability Benefits; (d) the Plaintiff's medical condition, daily activities, lifestyle, physical limitations; or (e) the Plaintiff's work or lifestyle abilities, limitations or restrictions.

2.      Produce all documents, including notes, reports, opinions, comments, suggestions or recommendations, of any health care provider who evaluated, examined, or reviewed the Plaintiff or Plaintiff's medical records.

3.      Produce your complete claim file for the Plaintiff, including, without limitation, the file covers and all folders, all comments, suggestions, recommendations or decisions concerning Plaintiff's claim, all documents to and from Plaintiff or on Plaintiff's behalf and all inter-office and intra-office documents among Defendants or third parties.

4.      Produce all documents that refer to Dr. Peterson's Claim for Disability Benefits, including, without limitation, any documents that describe the current status of his Claim.

5.      Produce all documents that are or were in the possession of Mike Kunkin, Dr. Michael Greer, Dr. Jeffrey H. Johnson, Shirley Yeager, Betty D. Morris, Ramine Poureshmenantalemy, Colleen Shelton or Deborah Kozisek concerning: (a) the Plaintiff; (b) the present lawsuit filed by the Plaintiff; (c) the Plaintiff's Claim for Disability Benefits including, without limitation, all documents that you relied or referred to in denying Plaintiff's Claim for Disability Benefits; (d) the Plaintiff's medical condition, daily activities, lifestyle, physical limitations; or (e) the Plaintiff's work or lifestyle abilities, limitations or restrictions including, but not limited, all documents that were created by Mr. Kunkin, Dr. Greer, Dr. Johnson, Ms. Yeager, Ms. Morris, Mr. Poureshmenantalemy, Ms. Shelton or Ms. Kozisek.

6.      Produce all documents that are or were in the possession of any person or third party acting on your behalf or at your direction or instruction including, without limitation, GENEX Services, Inc., that concern, refer or relate to: (a) the Plaintiff; (b) the present lawsuit filed by the Plaintiff; (c) the Plaintiff's Claim for Disability Benefits including, without limitation, all documents that you relied or referred to in denying Plaintiff's Claim for Disability Benefits; (d) the Plaintiff's medical condition, daily activities, lifestyle, physical limitations; or (e) the Plaintiff's work or lifestyle abilities, limitations or restrictions.

CARMODY & TORRANCE LLP    50 Leavenworth Street
AWT2264993.5v                     Post Office Box 1110
                                          Waterbury, CT 06721-1110
                                          Telephone: 203 573-1200

13

7. Produce all bills for services rendered that were issued to Provident by any health care provider, third party, or person relating to the Plaintiff.

8. Produce the resumes or curriculum vitae or resume of every individual identified in response to Interrogatory Number 2 and every individual identified in Request for Production Number 4.

9. Produce any contract between you and any person identified in response to Interrogatory Number 2 and every individual identified in Request for Production Number 4 including, without limitation, any contract between Provident and GENEX Services, Inc.

10. Produce all documents concerning any statements made by the Plaintiff to you or any third parties acting on your behalf or at your direction or instruction.

11. Produce all photographs, surveillance tapes or audiotapes concerning or depicting the Plaintiff.

12. From 1999 to the present, produce all documents that have been distributed to any person including, without limitation your employees, your agents or third parties, concerning policies, practices, and procedures for the review, evaluation, management, supervision and/or handling of claims for disability income benefits.

13. From 1999 to the present, please provide an organization chart for the Vocational Department, Customer Claim Center, Medical Department and any other department that is responsible for reviewing, evaluating, managing, supervising and/or handling claims for disability income benefits.

14. From 1999 to the present, produce all personnel policy manuals or employee handbooks that would apply to any of the individuals identified in response to Interrogatory Number 2 or identified in Request for Production Number 4.

15. From 1999 to the present, produce any documents that concern, refer or relate to: (a) any targets, goals or projections regarding the rate or number of denial of claims for disability benefits; or (b) the review, evaluation, management, supervision and/or handling of claims for disability income benefits including, without limitation, any financial incentives Provident provides to any person to deny or terminate claims for disability benefits

16. From 1999 to the present, produce any documents, including any affidavits, deposition transcripts or trial transcripts of any person including, without

limitation, all claims handlers, health care providers or third parties, employed, retained, or used by you, who discussed, investigated, reviewed, made comments, suggestions, recommendations or decisions concerning applications for disability benefits that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

17.    From 1999 to the present, produce any lawsuits or administrative complaints that have been filed by any person including, without limitation, any complaints filed by any state or federal agency, against Provident that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

18.    Produce any and all written statements provided by Dr. Fergal McSharry, Diane McGinnis, Angelique Brackett, Gina Hartley, Michelle Payne or any individual identified in response to Interrogatory Number 2 or identified in Request for Production Number 4, that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

19.    Produce any documents relating to any investigation by a state or federal agency that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

20.    Produce any documents that relates to any finding or judgment rendered by any state or federal agency or court that Provident: (a) pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) provides financial incentives to any person to deny or

terminate claims for disability benefits; and/or (d) that Provident has engaged in unfair insurance practices or unfair competition.

     21.    The personnel file of every individual identified in response to Interrogatory Number 2 or identified in Request for Production Number 4.

     22.    The job description of every individual identified in response to Interrogatory Number 2 or identified in Request for Production Number 4 in effect from 2000 through 2002.

     23.    All documents that concern, refer or relate to Interrogatory Numbers 1 through 11.


THE PLAINTIFF,
WALTER SCOTT PETERSON


BY: _____
Augustus R. Southworth III
Federal Bar No. ct04166
Domenico Zaino, Jr.
Federal Bar No. ct20082
FOR: Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
203-573-1200

## CERTIFICATION

This is to certify that on this the 30ᵗʰ day of _April_ , 2003, a copy of the foregoing was mailed, postage pre-paid, to the following counsel of record and pro se parties:

Joan O. Vorster, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Samuel B. Mayer, Esq.
Duane Morris
46 Woodbury Avenue
Stamford, CT 06907

Domenico Zaino Jr.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WALTER SCOTT PETERSON,
Plaintiff

V.

UNUMPROVIDENT CORPORATION,
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, and
HILB, ROGAL AND HAMILTON
COMPANY,
Defendants

CIVIL ACTION NO. 302CV01844CFD

## ANSWERS OF DEFENDANT, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

General Objection:

These answers are made solely for the purpose of this action. Each answer is subject to

all objections as to competency, relevancy, materiality, propriety, and admissibility, and to any

and all other objections on any grounds which would require the exclusion from evidence of any

statement herein if any interrogatory were asked of, or any statements contained herein were

made by, a witness present and testifying in court, all of which objections and grounds are

expressly reserved and may be interposed at trial.

Provident Life and Accident Insurance Company ("Provident") reserves the right to

modify or to enlarge its answers herein with such pertinent additional information as it may

subsequently discover. Furthermore, these answers are made by Provident without prejudice to

its using or relying at trial on subsequently discovered information or on information omitted from these answers as a result of good faith oversight, error or mistake.

No incidental or implied admissions are intended by these answers. The fact that Provident has answered or objected to any interrogatory or any part of an interrogatory shall not be deemed an admission that Provident accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such answer or objection constitutes admissible evidence. The fact that Provident has answered part or all of any interrogatory is not intended to and shall not be construed as a waiver by Provident of any part of any objection to any interrogatory.

To the extent any interrogatory or part thereof calls for legal analysis or reasoning, writing, communications or anything else protected from disclosure by the attorney work-produce doctrine or the attorney-client privilege and part thereof, Provident will not supply or render information or anything else protected from discovery by virtue of such privileges.

Provident objects to any interrogatory as burdensome and oppressive which purports to require Provident to conduct an investigation beyond its records, present officers, agents, employees and representatives to determine identifying and locating information for witnesses. These answers will be limited to discoverable information that is in the possession, custody, or control of Provident.

These general objections are incorporated by reference into each and every answer set forth below. Subject to and without waiving these general objections, Provident responds to plaintiff's interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Interrogatory No. 1.  Please identify with specificity each and every fact that supports your determination that the Plaintiff is not disabled as defined under the Disability Income Policy. In doing so, please identify all documents that you relied on in making this determination.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; and (2) it is overly broad, and unduly burdensome and oppressive.

Answer No. 1. Without waiving this objection, Provident determined that Dr. Peterson was not disabled as defined by the disability income policy based on the documents and information contained in his claim file, a copy of which has been produced. The specific reasons for Provident's determination that Dr. Peterson did not meet the definition of disability are set forth in Provident's letters dated March 6, 2001 (UPCL00543); June 5, 2001 (UPCL00569); October 1, 2001 (UPCL00590); and March 11, 2002 (UPCL00607). The answer to this interrogatory may be derived or ascertained from the documents in the claim file, the Policy, and the letters referenced above. The burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the party serving the interrogatory as for the party served.

Interrogatory No. 2. Identify all persons including, without limitation, all claims handlers, health care providers or third parties, employed, retained, or used by your or any of your subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors, who discussed, investigated, reviewed, made comments, suggestions, recommendations or decisions concerning Plaintiff including, without limitation, (a) Plaintiff's Claim for Disability Benefits, (d) Plaintiff's medical condition, daily activities, lifestyle, physical limitations, or (c) Plaintiff's work or lifestyle abilities, limitations or restrictions.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope.

Answer No. 2. Without waiving this objection, please see the individuals named in the defendant's Automatic Disclosure Statement provided to plaintiff's counsel on February 24, 2003. Of the individuals listed on the Automatic Disclosure Statement, some were more

involved in, and have more knowledge of Dr. Peterson's claim than others. They include:

Ramine Poureshmenantelemy, Customer Care Specialist; Laura Hixon, Consultant; Jeff Johnson,

Consultant; Michael R. Geer, M.D., Peter Brown, M.D., Jeffrey Johnson, M.D., Lorraine Peters,

R.N., and Debra Kozisek, Appeals Consultant. Their respective involvement in Provident's

evaluation of Dr. Peterson's claim can be ascertained or derived from the documents in the claim

file, which has been produced. The burden of deriving or ascertaining the answer to this

interrogatory is substantially the same for the party serving the interrogatory as for the party

served.

Interrogatory No. 3.   For each person identified in response to Interrogatory Number 2,
describe in detail their discussions, investigation(s), reviews, comments, suggestions,
recommendations or decisions concerning Plaintiff including, without limitation, (a) Plaintiff's
Claim for Disability Benefits, (b) Plaintiff's medical condition, daily activities, lifestyle, physical
limitations, or (c) Plaintiff's work or lifestyle abilities, limitations or restrictions.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope.

Answer No. 3.   Without waiving this objection, please see Answer to Interrogatory

No. 2.

Interrogatory No. 4.   For each person identified in response to Interrogatory Number
Two describe in detail the relationship between such person and Provident and/or any of
Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or
corporations, affiliates, predecessors or successors (this includes, but is not limited to, GENEX
Services, Inc.) from 2000 to the present including, but not limited to:

    a.    whether the person is an employee, agent, consultant, independent
contractor, officer, or director of Provident or any of Provident's
subsidiaries, divisions, subdivisions, offices, joint ventures, parent
companies or corporations, affiliates, predecessors or successors;

    b.    the date the relationship commenced between the person and Provident or
any of Provident's subsidiaries, division, subdivisions, offices, joint
ventures, parent companies or corporations, affiliates, predecessors and
successors;