c.    whether and, if so, how the person is compensated or paid by Provident or any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors, including, without limitation, whether the person is entitled to any benefits, bonuses or incentive payments, and the standards for awarding any benefits, bonuses, incentive payments or other compensation or payments paid to such person;

d.    the total payments that have been made and benefits that have been provided to such person by Provident or any of Provident's subsidiaries, divisions, subdivision, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors as a result of the person's discussions, investigation(s), reviews, comments, suggestions, recommendations or decisions concerning Plaintiff including, without limitation, (i) Plaintiff's Claim for Disability Benefits, (ii) Plaintiff's medical condition, daily activities, lifestyle, physical limitations, or (iii) Plaintiff's work or lifestyle abilities, limitations or restrictions; and

e.    the total payments that have been made and benefits that have been provided to such person by Provident or any of Provident's subsidiaries, divisions, subdivision, offices, joint ventures, parent companies or corporations, affiliates, predecessors or successors during each calendar year from 1997 to the present.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information in which employees have an expectation of privacy.  Further under the authority of State Farm v. Campbell, 123 S.Ct. 1513 (203), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered.

Answer No. 4.   Without waiving this objection, Provident states as follows:  Ramine Poureshmenantelemy, Jeff Johnson, Peter Brown, M.D., Debra Kozisek are employees of

{H:\PA\Lit\16310\00042\A0629077 DOC [Ver 2]}                    5

UnumProvident Corporation. Lorraine Peters works for Genex Services Inc.  Provident does not know the details of her employment with Genex. Dr. Geer is an independent contractor who is paid by the hour when he reviews claims.  Dr. Johnson and Laura Hixson are former UnumProvident employees.

Interrogatory No. 5.  Indicate whether the Plaintiff was insured under the Disability Income Policy as an ophthalmic surgeon specializing in cataract and implant surgery.

Objection:  Provident objects to this interrogatory on grounds that it is vague, confusing and unintelligible.

Answer No. 5.  The Policy does not insure a particular occupation. The reason for this is that an insured's occupation, or the material and substantial duties of that occupation, may change from the time the Policy is issued to the time a claim is submitted.  When a claim is submitted Provident obtains information regarding the insured's occupation, including the material and substantial duties of that occupation. Provident then determines whether the insured is precluded, due to sickness or injury, from performing the material and substantial duties of that occupation. Here, when Dr. Peterson submitted his claim in 2000, Provident determined that his occupation was that of an ophthalmologist and an ophthalmic surgeon, and then assessed whether he could perform the material and substantial duties of that occupation as identified by Dr. Peterson on the Physician Questionnaire that accompanied his claim for disability benefits.

Interrogatory No. 6.  Identify all persons who took any photographs or conducted any surveillance concerning or depicting Plaintiff, and state the date(s) of these activities.

Answer No. 6.  The answer to this interrogatory may be derived or ascertained from the documents in the claim file, namely documents bearing bates stamp UPCL00376-00371 and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for the party serving the interrogatory as for the party served.

Interrogatory No. 7.  Please identify the person(s) who made the final decision to deny the Plaintiff's Claim for Disability Benefits, and state the date(s) of that decision and the person's employer.

Objection:  Provident objects to this request on the grounds or to the extent that it is vague, ambiguous, compound and unintelligible because the term "final decision" is not defined.

Answer No. 7.  Without waiving this objection, the final decision issued by the customer care department was made by Jeff Johnson upon the recommendation of Ramine Poureshmenantelemy.  That decision was made on or about October 1, 2001.  In the appeals unit, Debra Kozisek upheld the decision made by the customer care department. That decision was made on or about March 11, 2002.

Interrogatory No. 8.  From 1998 to the present, identify all persons including, without limitation, any claims handler, health care provider or third party, employed, retained, or used by Provident who have discussed, investigated, reviewed, made comments, suggestions, recommendations or decisions concerning applications for disability benefits and have provided statements under oath including, without limitation, any statements contained in affidavits, depositions transcripts, or trial testimony, that concern, refer or relate to any allegation that Provident: (a) pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; and/or (c) provides financial incentives to any person to deny or terminate claims for disability benefits.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy; and, (5) it seeks information protected by the attorney client and/or attorney work product.  Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of

permissible discovery, the requested discovery is improper because it seeks information

regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or

the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

     Answer No. 8.    Notwithstanding and without waiving the foregoing objections,

Defendant responds as follows: It is not a practice of the Company to set claim termination goals

or objectives or put pressure on claims personnel to inappropriately close claims. We have

traditionally estimated claim results on a monthly basis. The purposes of these estimates it to

project a business plan into the future, as any publicly traded company must do. The same is

done for the underwriting area, for sales, for human resources, for the investment operation, and

for every other part of our Company. These estimates are not intended to present "targets" for

claims actions. Instead, our claim numbers are the result of whatever our fair, thorough and

objective evaluation in each case determines.

     Interrogatory No. 9.    Please explain in detail all actions undertaken by Provident, or any
of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies or
corporations, affiliates, predecessors or successors, agents, representatives, employees and/or
contractors, to review or evaluate the Plaintiff's Claim for Disability Benefits, including, without
limitations, the date(s) each action was taken and the person(s) who took such action.

     Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks privileged, personal, and confidential information of third parties to which

our policyholders have an expectation of privacy; and, (5) it seeks information protected by the

attorney client and/or attorney work product. Furthermore, under the authority of State Farm v.

Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of

permissible discovery, the requested discovery is improper because it seeks information

regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or

the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Answer No. 9.  Without waiving this objection, the answer to this interrogatory may be

derived or ascertained from the documents in the claim file, which has been produced and the

burden of deriving or ascertaining the answer to this interrogatory is substantially the same for

the party serving the interrogatory as for the party served.

Interrogatory No. 10.  Please identify any conferences or meetings during which Dr.
Peterson's Claim for Disability Benefits was discussed including: (a) the date(s) of each such
conference or meeting, (b) all persons present at the conference or meeting, and (c) explain in
detail what was discussed at such conference or meeting that relates to Dr. Peterson.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; and (2) it is overly broad, and unduly

burdensome and oppressive.

Answer No. 10.  Without waiving this objection, the answer to this interrogatory may be

derived or ascertained from the documents in the claim file, which has been produced and the

burden of deriving or ascertaining the answer to this interrogatory is substantially the same for

the party serving the interrogatory as for the party served.

Interrogatory No. 11.  From 2000 to the present, please indicate the number of persons
Dr. Michael R. Greer has evaluated or examined on behalf, or at the direction, of Provident or
any of Provident's subsidiaries, divisions, subdivisions, offices, joint ventures, parent companies
or corporations, affiliates, predecessors or successors, who have filed an application for disability
benefit and described the injury or sickness as a heart attack or myocardial infarction, and the
date(s) of their evaluations.  How many of these claims for disability benefits were denied?

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks privileged, personal, and confidential information of third parties to which

our policyholders have an expectation of privacy; and, (5) it seeks information protected by the

attorney client and/or attorney work product. Furthermore, under the authority of State Farm v.

Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of

permissible discovery, the requested discovery is improper because it seeks information

regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or

the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Interrogatory No. 12.   Please set forth Dr. Greer's compensation (including any
monetary remuneration or benefits) received from Provident during each calendar year from
2000 to the present.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks privileged, personal, and confidential information in which individuals

have an expectation of privacy. Furthermore, under the authority of State Farm v. Campbell, 123

U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible

discovery, the requested discovery is improper because it seeks information regarding alleged

conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery

improperly seeks information that pertains to alleged "out-of-state" conduct.

Interrogatory No. 13.   Identify the last known address of every person identified in
response to Interrogatory Number 2, every person identified in Request for Production Number
4, and every person identified in Request for Production Number 17.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information in which individuals have an expectation of privacy.  Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

VERIFICATION

The undersigned states that he/she is authorized to sign these interrogatories for, or on behalf of, the defendant, Provident Life and Accident Insurance Company; that the matters stated in the foregoing answers are not all within his/her personal knowledge; that he/she is informed that there is an officer, employee or representative of Provident Life and Accident Insurance Company who has personal knowledge of all such information; that such facts that are stated in said answers which are not within his/her personal knowledge have been assembled by authorized agents, employees and counsel of Provident Life and Accident Insurance Company; and that he/she is informed and believes that the facts stated in said answers are true and so states under the pains and penalties of perjury.

Signed under the pains and penalties of perjury this _12th_ day of _June_, 200_5_.



_____
Provident Life And Accident Insurance Company
By:  Jeff Johnson
Its:  Customer Care Consultant


State of Tennessee
County of _Hamilton_

Then personally appeared said _JEFF JOHNSON_ and acknowledged the foregoing to be his/her free act and deed, before me on this the _12th_ day of _June_, 2003.

_Lorena M. Davis_

Notary Public
My Commission Expires: _4/24/2004_

<u>CERTIFICATE OF SERVICE</u>

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Augustus R. Southworth, III, Domenico Zaino, Jr., Carmody & Torrance, LLP, 50 Leavenworth Street, P.O. Box 1110, Waterbury, CT 06721-1110, and Samuel B. Mayer, Esq., 46 Woodbury Avenue, Stamford, CT 06907.

Joan O. Vorster, Esq.

Dated: 6·16·03

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WALTER SCOTT PETERSON,
　　　Plaintiff

V.

UNUMPROVIDENT CORPORATION,
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, and
HILB, ROGAL AND HAMILTON
COMPANY,
　　　Defendants

CIVIL ACTION NO. 302CV01844CFD

## RESPONSE OF DEFENDANT, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, TO PLAINTIFF'S REQUESTS FOR PRODUCTION

General Objection:

These responses are made solely for the purpose of this action. Each response is subject

to all objections as to competency, relevancy, materiality, propriety, and admissibility, and to any

and all other objections on any grounds which would require the exclusion from evidence of any

statement herein if any production of document were asked of, or any statements contained

herein were made by, a witness present and testifying in court, all of which objections and

grounds are expressly reserved and may be interposed at trial.

Provident Life and Accident Insurance Company ("Provident") reserves the right to

modify or to enlarge its responses herein with such pertinent additional information as it may

subsequently discover. Furthermore, these responses are made by Provident without prejudice to

its using or relying at trial on subsequently discovered information or on information omitted from these responses as a result of good faith oversight, error or mistake.

No incidental or implied admissions are intended by these responses. The fact that Provident has responded or objected to any request or any part of a request shall not be deemed an admission that Provident accepts or admits the existence of any facts set forth or assumed by such production of document, or that such response or objection constitutes admissible evidence. The fact that Provident has answered part or all of any production of document, is not intended to and shall not be construed as a waiver by Provident of any part of any objection to any request.

To the extent any production of document or part thereof calls for legal analysis or reasoning, writing, communications or anything else protected from disclosure by the attorney work-produce doctrine or the attorney-client privilege and part thereof, Provident will not supply or render information or anything else protected from discovery by virtue of such privileges.

Provident objects to any production of document as burdensome and oppressive which purports to require Provident to conduct an investigation beyond its records, present officers, agents, employees and representatives to determine identifying and locating information for witnesses. These responses will be limited to discoverable information that is in the possession, custody, or control of Provident.

These general objections are incorporated by reference into each and every response set forth below. Subject to and without waiving these general objections, Provident responds to plaintiff's request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Request No. 1.   Produce all documents concerning: (a) the Plaintiff; (b) the present lawsuit filed by Plaintiff; or (c) the Plaintiff's Claim for Disability Benefits including, without limitation, all documents that you relied or referred to in denying Plaintiff's Claim for Disability

Benefits; (d) the Plaintiff's medical condition, daily activities, lifestyle, physical limitations; or (e) the Plaintiff's work or lifestyle abilities, limitations or restrictions.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Response No. 1.   Without waiving this objection, responsive documents are contained in the claim file and the application file which will be produced.

Request No. 2.   Produce all documents, including notes, reports, opinions, comments, suggestions or recommendations, of any health care provider who evaluated, examined, or reviewed the Plaintiff or Plaintiff's medical records.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Response No. 2.   Without waiving this objection, responsive documents are contained in the claim file which will be produced.

Request No. 3.   Produce your complete claim file for the Plaintiff, including, without limitation, the file covers and all folders, all comments, suggestions, recommendations or decisions concerning Plaintiff's claim, all documents to and from Plaintiff or on Plaintiff's behalf and all inter-office and intra-office documents among Defendants or third parties.

Response No. 3.   The claim file will be produced.

Request No. 4.   Produce all documents that refer to Dr. Peter's Claim for Disability Benefits, including, without limitation, any documents that describe the current status of his Claim.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Response No. 4.   Without waiving this objection, responsive documents are contained in the claim file which will be produced.

Request No. 5.   Produce all documents that are in or were in the possession of Mike Kunkin, Dr. Michael Greer, Dr. Jeffrey H. Johnson, Shirley Yeager, Betty D. Morris, Ramine Poureshmenantalemy, Colleen Shelton or Deborah Kozisek concerning: (a) the Plaintiff; (b) the present lawsuit filed by the Plaintiff; (c) the Plaintiff's Claim for Disability Benefits including, without limitation, all documents that you relied or referred to in denying Plaintiff's Claim for Disability Benefits; (d) the Plaintiff's medical condition, daily activities, lifestyle, physical limitations; or (e) the Plaintiff's work or lifestyle abilities, limitations or restrictions including, but not limited, all documents that were created by Mr. Kunkin, Dr. Greer, Dr. Johnson, Ms. Yeager, Ms. Morris, Mr. Poureshmenantalemy, Ms. Shelton or Ms. Kozisek.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Response No. 5.   Without waiving this objection, responsive documents that are in the claim file which will be produced.

Request No. 6.  Produce all documents that are in or were in the possession of person or third party acting on your behalf or at your direction or instructions including, without limitation, GENEX Services, Inc., that concern, refer or relate to: (a) the Plaintiff; (b) the present lawsuit filed by the Plaintiff; (c) the Plaintiff's Claim for Disability Benefits including, without limitation, all documents that you relied or referred to in denying Plaintiff's Claim for Disability Benefits; (d) the Plaintiff's medical condition, daily activities, lifestyle, physical limitations; or (e) the Plaintiff's work or lifestyle abilities, limitations or restrictions.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Response No. 6.  Without waiving this objection, responsive documents in Provident's possession, custody or control are in the claim file and will be produced.

Request No. 7.  Produce all bills for services rendered that were issued to Provident by any health care provider, third party, or person relating to the Plaintiff.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; and (2) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 8.  Produce the resume or curriculum vitae or resume of every individual identified in response to Interrogatory Number 2 and every individual identified in Request for Production Number 4.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (2) it seeks private

information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and, (3) it seeks documents protected by third parties' rights of privacy.

Request No. 9.  Produce any contract between you and any person identified in response to Interrogatory Number 2 and every individual identified in Request for Production Number 4 including, without limitation, any contract between Provident and GENEX Services, Inc.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and, (4) it seeks privileged, personal, and confidential information in which employees have an expectation of privacy.  Further under the authority of State Farm v. Campbell, 123 S.Ct. 1513 (203), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered.

Request No. 10.  Produce all documents concerning any statements made by the Plaintiff to you or any third parties acting on your behalf or at your direction or instructions.

Response No. 10.  Responsive documents are in the claim file, which has been produced.

Request No. 11.  Produce all photographs, surveillance tapes or audiotapes concerning or depicting the Plaintiff.

Response No. 11.  Responsive documents are in the claim file, which has been produced.

Request No. 12.  From 1999 to the present, produce all documents that have been distributed to any person including, without limitation your employees, your agents or third parties, concerning policies, practices, and procedures for the review, evaluation, management, supervision and/or handling of claims for disability income benefits.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further object to the request to the extent that it seeks documents, which are confidential and proprietary in nature or contain trade secrets, the disclosure of which would place Defendants at an undue and unwarranted competitive disadvantage.

Response No. 12.   Without waiving this objection, Provident will produce a copy of the UnumProvident Customer Care Claims Manual in effect at the time that Provident denied Dr. Peterson's claim.

Request No. 13.   From 1999 to the present, please provide an organization chart for the Vocational Department, Customer Claim Center, Medical Department and any other department that is responsible for reviewing, evaluating, managing, supervising and/or handling claims for disability income benefits.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (4) it seeks privileged, personal, and confidential information in which employees have an expectation of privacy.  Further under the authority of State Farm v. Campbell, 123 S.Ct. 1513 (203), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered.  .

Request No. 14.  From 1999 to the present, produce all personnel policy manuals or employee handbooks that would apply to any of the individuals identified in response to Interrogatory Number 2 or identified in Request for Production Number 4.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; and, (4) it seeks documents which constitute or contain confidential, proprietary

information and/or trade secrets.

Request No. 15.  From 1999 to the present, produce any documents that concern, refer or relate to: (a) any targets, goals or projections regarding the rate or number of denial of claims for disability benefits; or (b) the review, evaluation, management, supervision and/or handling of claims for disability income benefits including, without limitation, any financial incentives Provident provides to any person to deny or terminate claims for disability benefits.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks information protected by the attorney client and/or attorney work product;

and, (5) it seeks documents which constitute or contain confidential, proprietary information

and/or trade secrets.  Further under the authority of State Farm v. Campbell, 123 S.Ct. 1513

(203), as well as established principles of relevancy and the scope of permissible discovery, the

requested discovery is improper because it seeks information regarding alleged conduct that

bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks

information that pertains to alleged "out-of-state" conduct.

Response No. 15.  Notwithstanding and without waiving the foregoing objections, it is

not a practice of Provident to set claim termination goals or objectives or put pressure on claims

personnel to inappropriately close claims.  Provident has traditionally estimated claim results on

a monthly basis.  The purposes of these estimates it to project a business plan into the future, as

any publicly traded company must do.  The same is done for the underwriting area, for sales, for

human resources, for the investment operation, and for every other part of our Company.  These

estimates are not intended to present "targets" for claims action.  Instead, our claim numbers are

the result of whatever our fair, thorough and objective evaluation in each case determines.

Request No. 16.  From 1999 to the present, produce any documents, including any
affidavits, deposition transcripts or trial transcripts of any person including, without limitation,
all claims handlers, health care providers or third parties, employed, retained, or used by you,
who discussed, investigated, reviewed, made comments, suggestions, recommendations or
decisions concerning applications for disability benefits that concern, refer or relate to: (a) any
allegation that Provident pressured its employees and/or doctors to deny or terminate claims for
disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the
rate or number of denial of claims for disability benefits; (c) any allegation that Provident
provides financial incentives to any person to deny or terminate claims for disability benefits;
and/or (d) Provident's handling of claims for disability benefits.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks privileged, personal, and confidential information of third parties to which

our policyholders have an expectation of privacy; and, (5) it seeks information which constitute

or contain confidential, proprietary information and/or trade secrets.  Furthermore, under the

authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of

relevancy and the scope of permissible discovery, the requested discovery is improper because it

seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request No. 17.  From 199 to the present, produce any lawsuits or administrative complaints that have been filed by any person including, without limitation, any complaints filed by any state or federal agency, against Provident that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks privileged, personal, and confidential information of third parties to which our policyholders have an expectation of privacy; and, (5) it seeks information which constitute or contain confidential, proprietary information and/or trade secrets.  Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request No. 18.  Produce any and all written statements provided by Dr. Fergal McSharry, Diane McGinnis, Angelique Brackett, Gina Hartley, Michelle Payne or any individual identified in response to Interrogatory Number 2 or identified in Request for Production Number 4, that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability

benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks privileged, personal, and confidential information of third parties to which

our policyholders have an expectation of privacy; and, (5) it seeks information which constitute

or contain confidential, proprietary information and/or trade secrets.  Furthermore, under the

authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of

relevancy and the scope of permissible discovery, the requested discovery is improper because it

seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly

suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state"

conduct.

Request No. 19.  Produce any documents relating to any investigation by a state or federal agency that concern, refer or relate to: (a) any allegation that Provident pressured its employees and/or doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set targets, goals or projections regarding the rate or number of denial of claims for disability benefits; (c) any allegation that Provident provides financial incentives to any person to deny or terminate claims for disability benefits; and/or (d) Provident's handling of claims for disability benefits.

Objection: Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks privileged, personal, and confidential information of third parties to which

our policyholders have an expectation of privacy. Furthermore, under the authority of State

Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the

scope of permissible discovery, the requested discovery is improper because it seeks information

regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or

the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request No. 20.   Produce any documents that relates to any finding or judgment
rendered by any state or federal agency or court that Provident: pressured its employees and/or
doctors to deny or terminate claims for disability benefits; (b) any allegation that Provident set
targets, goals or projections regarding the rate or number of denial of claims for disability
benefits; (c) provides financial incentives to any person to deny or terminate claims for disability
benefits; and/or (d) that Provident has engaged in unfair insurance practices or unfair
competition.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence; (4) it seeks privileged, personal, and confidential information of third parties to which

our policyholders have an expectation of privacy; and, (5) it seeks information protected by the

attorney client and/or attorney work product privileges.  Furthermore, under the authority of

State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and

the scope of permissible discovery, the requested discovery is improper because it seeks

information regarding alleged conduct that bears no relation or nexus to the harm allegedly

suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state"

conduct.

Request No. 21.   The personnel file of every individual identified in response to Interrogatory Number 2 or identified in Request for Production Number 4.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and (4) it seeks personal and confidential information in which employees have an expectation of privacy; and, (5) it seeks information protected by the attorney client and/or attorney work product privileges.  Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the requested discovery is improper because it seeks information regarding alleged conduct that bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks information that pertains to alleged "out-of-state" conduct.

Request No. 22.   The job description of every individual identified in response to Interrogatory Number 2 or identified in Request for Production Number 4 in effect from 2000 through 2002.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and oppressive, and particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; and, (4) it seeks information protected by the attorney client and/or attorney work product privileges. Furthermore, under the authority of State Farm v. Campbell, 123 U.S. 1513 (2003), as well as established principles of relevancy and the scope of permissible discovery, the

requested discovery is improper because it seeks information regarding alleged conduct that

bears no relation or nexus to the harm allegedly suffered and/or the discovery improperly seeks

information that pertains to alleged "out-of-state" conduct.

Request No. 23.  All documents that concern, refer or relate to Interrogatory Numbers 1

through 11.

Objection:  Provident objects to this request on the grounds or to the extent that (1) it is

vague, ambiguous, compound and unintelligible; (2) it is overly broad, unduly burdensome and

oppressive, and particularly with regard to time and scope and that such documents would

contain material unrelated to this claim; (3) it seeks information which is neither relevant to the

subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

evidence.

UNUMPROVIDENT CORPORATION
AND
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By their attorney,

Joan O. Vorster, Esq.
Bar # CT20230
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated: 6-17-03

## CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing
document, by mailing a copy, first class mail, postage prepaid, to Augustus R. Southworth, III,
Domenico Zaino, Jr., Carmody & Torrance, LLP, 50 Leavenworth Street, P.O. Box 1110,
Waterbury, CT 06721-1110, and Samuel B. Mayer, Esq., 46 Woodbury Avenue, Stamford, CT
06907.

Joan O. Vorster, Esq.

Dated: 6-17-03