Connecticut Trial Ct. Unpublished Decisions

GOMEZ v. ALLSTATE INSURANCE COMPANY, No. CV95 04 98 16S (May 17, 1995)

AMELIA R. GOMEZ, ET AL. vs. ALLSTATE INSURANCE COMPANY

1995 Ct. Sup. 5763, 14 CLR 185

No. CV95 04 98 16S

Superior Court

Judicial District of Ansonia/Milford at Milford

May 17, 1995

MEMORANDUM OF DECISION RE: MOTION TO STRIKE

THOMPSON, J.

This is an underinsured motorist case brought on behalf of four plaintiffs, each of whom claims to have been injured in an
CT Page 5764
automobile accident which occurred on June 11, 1994. In counts nine, ten, eleven and twelve of the complaint, the plaintiffs each allege that the defendant, Allstate Insurance Company, has, as to each of them, engaged in unfair settlement practices in violation of the Connecticut Unfair Insurance Practice Act (CUIPA). The defendant has moved to strike the complaint or, in the alternative, the ninth, tenth, eleventh and twelfth counts thereof.

The first basis of the defendant's motion is that the counts alleging a violation of CUIPA are improperly joined with the remaining counts of the complaint.

Section 133 of the Connecticut Practice Book permits the joinder of several causes of action in the same complaint, "upon claims, whether in contract a tort or both, arising out of the same transaction or transactions connected with the same subject of action." The court believes that the four counts of the complaint at issue arise from the same transaction as the remaining counts of the complaint.

The defendant is concerned that a trial of the allegations involving CUIPA will prejudice the trier as to the remaining claims of the complaint. The court has the authority to bifurcate the issues at trial and this court agrees that the counts alleging a violation of CUIPA should not be tried contemporaneously with the claims for compensatory damages in the other counts of the complaint. Indeed, plaintiffs' counsel has stipulated at oral argument that he will not object to such a bifurcation and also will not proceed with discovery on the CUIPA claims until the underlying claims are resolved. The question also arises as to whether the CUIPA claims are properly tried to the jury or to the court. See Associated Investment Co. Ltd. Partnership v. Williams Associates IV, 230 Conn. 148 (1994) (No right to a jury trial as to CUTPA claims).

Under the above circumstances, the court sees no prejudice to the defendant resulting from the CUIPA counts remaining in the complaint.

The defendant also argues that the plaintiffs must allege more than a single instance of misconduct in order to state a claim under CUIPA. See Mead v. Burns, 199 Conn. 65 (1986).

Multiple acts of misconduct in the handling of a single claim
CT Page 5765
are not sufficient to constitute an unfair settlement practice under CUIPA. Lees v. Middlesex Ins. Co., 229 Conn. 842 (1994). Of course in this case, we have one accident which has given rise to allegations of four injured persons which has resulted in four claims. Since unfair settlement practices under CUIPA relates to conduct of the insurer in handling claims, it would appear that the situation in this case is distinguishable from that in Lees and that we are dealing with allegations of multiple acts of misconduct as to multiple claims, notwithstanding the fact that they all arise from one automobile accident. Thus, construing the allegations most favorably to the pleader as is required in passing upon a motion to strike, they are sufficient to withstand the defendant's motion.

Therefore, for the reasons set forth above, the defendant's motion to strike is denied.

Thompson, J.

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved