UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WALTER SCOTT PETERSON           :   CIVIL ACTION NO.
                                :   3:02CV01844 (CFD)
    Plaintiff,                  :
                                :
                                :
VS.                             :
                                :
                                :
                                :   JANUARY 15, 2003
UNUMPROVIDENT CORPORATION,      :
    Defendant                   :
PROVIDENT LIFE AND ACCIDENT     :
INSURANCE COMPANY,              :
    Defendant                   :
HILB, ROGAL AND HAMILTON COMPANY, :
    Defendant

## REPORT OF PARTIES' PLANNING CONFERENCE

**DATE COMPLAINT FILED:**            October 22, 2002

**DATE COMPLAINT SERVED:**           October 30, 2002

**DATE OF DEFENDANT'S APPEARANCE:**  December 11, 2002,
                                     (UnumProvident Corporation
                                     and Provident Life and Accident
                                     Insurance Company)
                                     November 20, 2002, (Hilb,
                                     Rogal and Hamilton Company

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held on January 7 and 15 2003. The participants were:

Domenico Zaino, Jr. for plaintiff, Walter Scott Peterson;

Joan O. Vorster for defendant UnumProvident Corporation and Provident Life and Accident Insurance Company; and

Samuel B. Mayer for defendant Hilb, Rogal and Hamilton Company.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction:

The Court has jurisdiction of the claims by virtue of 28 U.S.C. §§ 1331 and 1332

### B. Personal Jurisdiction:

The Court has personal jurisdiction over the defendants.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff:

On October 22, 2002, Walter Scott Peterson, M.D. ("Dr. Peterson") filed a Complaint in the United States District Court for the District of Connecticut alleging that the defendants UnumProvident Corporation ("Unum") and Provident Life and Accident Insurance Company ("Provident") unlawfully denied Dr. Peterson total disability benefits. The plaintiff asserted claims against Unum and Provident

CARMODY & TORRANCE LLP
{W1237182;3}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2

alleging breach of contract, breach of the covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b et seq. and violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. The Plaintiff also asserted a negligent misrepresentation claim against the defendant Hilb, Rogal and Hamilton Company ("Hilb, Rogal").

### B. Defenses and Claims of Defendant:

Provident denies that it unlawfully denied Dr. Peterson disability benefits. Provident has filed an Answer and Defenses on November 16, 2002. Hilb, Rogal denies that it made any negligent misrepresentations and filed its Answer and Affirmative Defenses on December 18, 2002.

## IV. STATEMENT OF UNDISPUTED MATERIAL FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The Court has jurisdiction of the claims by virtue of 28 U.S.C. §§ 1331 and 1332.

2. Venue is proper under 28 U.S.C. § 1391(b).

3. Dr. Peterson is a natural person who resides in Connecticut.

4. Unum is a Deleware corporation with its principal place of business at One Fountain Square, Chattanooga, Tennessee.

CARMODY & TORRANCE LLP
{W1237132.1}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

5.  Provident is a Tennessee corporation with its principal place of business at One Fountain Square, Chattanooga, Tennessee. Provident is a subsidiary of Unum and is authorized to transact business in the state of Connecticut.

6.  Hilb Rogal acquired American Phoenix Corporation, formerly known as American Brokerage Corporation, formerly known as General Insurance Management Corporation, which had acquired Kenney, Webber & Lowell, Inc.

7.  On or about October 13, 1986, Dr. Peterson applied to Provident for insurance coverage under a disability income policy.

8.  On December 31, 1986, Provident issued a disability income policy bearing policy number 6-335-751908 (the "Policy") to Dr. Peterson with an effective date of December 1, 1986.

9.  All premiums required under the Policy have been paid.

10. On July 11, 2000 during the period when the Policy was in effect, Dr. Peterson suffered a heart attack and was admitted to Waterbury Hospital from July 12, 2000 through July 14, 2000.

11. The plaintiff has treated at various times with Drs. Flint, Solint, Cohen and Pannill since July 11, 2000.

12. On or about October 25, 2000, Dr. Peterson submitted a claim for disability benefits under the Policy.

13. Neither Unum nor Provident has paid Dr. Peterson any benefits under the Policy.

## V. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P.16(b).

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. Should a settlement conference be scheduled, the parties agree that it may be before a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff does not anticipate joining parties or amending its pleadings.

2. Defendants do not anticipate filing a motion to join additional parties and have already filed answers and defenses to the Complaint.

E. **Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

   a. Dr. Peterson's medical records and condition.

   b. The nature, circumstances and basis for Unum and/or Provident's decision that Dr. Peterson was not entitled to disability income benefits, including the documents that were reviewed or considered, and the individuals that were consulted.

   c. Unum and/or Provident's claims handling process.

   d. Any other subjects reasonably related to the allegations presented in this litigation.

   e. Whether the disability income policy at issue in this case is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1001 et seq.

   f. The relationship between Unum and Provident and their involvement in reviewing and making a decision concerning plaintiff's claim for disability benefits.

2. The Plaintiff and the Defendant, Provident, do not agree regarding whether discovery should be conducted in phases. Please refer to Plaintiff and Defendant's proposed discovery schedule.

CARMODY & TORRANCE LLP
{W1287182v0}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

6

**THE PLAINTIFF,**
WALTER SCOTT PETERSON

By: _____
Domenico Zaino, Jr. (Bar No. ct 12926)
Carmody & Torrance LLP
PO Box 1110
50 Leavenworth Street
Waterbury, CT 06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email: dzaino@carmodylaw.com

THE DEFENDANTS,
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
UNUMPROVIDENT CORPORATION

By: _____/s/ Joan O. Vorster_____
Joan O. Vorster (BBO No. 550375)
Mirick O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502
jovorster@MirickOconnell.com

Samuel B. Mayer  Case 3:03-cv-00844-CFD   Document 43-7   Filed 05/10/2004   Page 9 of 15
Page 10

THE DEFENDANT,
HILB, ROGAL AND HAMILTON COMPANY

By: *Samuel B. Mayer*
Samuel B. Mayer (Bar No. ct14821)
46 Woodbury Avenue
Stamford, CT 06907
Phone: (203) 324-0711
Fax: (203) 324-5133

{W1237132;2}
10

## PLAINTIFF'S PROPOSED DISCOVERY SCHEDULE

The plaintiff objects to the Defendant, Provident's, request that the Court enter an order for phased discovery. The phased discovery schedule proposed by the defendant Provident would not save the parties time or money. The discovery schedule proposed by the defendant would be more costly and time consuming.

The principal claims asserted by the plaintiff against UnumProvident are breach of contract, breach of the covenant of good faith and fair dealing and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b et seq. The two ERISA counts plead apply only in the unlikely event that the disability income policy at issue is determined to be an ERISA plan. (See Compl. Count Three, ¶ 50). The plaintiff is entitled to discovery concerning all of the claims alleged, not piecemeal discovery proposed by the defendant.

Under the phased discovery plan proposed by the defendant, relevant witnesses would need to be deposed at least twice—once to obtain the relevant discovery to determine whether the disability plan is an ERISA plan and a second time to determine whether the defendants acted unlawfully. In this case, where witnesses are located in Tennessee and Virginia, this would be unduly burdensome and costly.

Further, even if this case is governed by ERISA, the scope of discovery will not be significantly narrowed under the defendant's phased discovery plan. That is, the plaintiff will still be entitled to discovery concerning, for example, whether or not the defendants acted appropriately in denying the benefits; whether the defendants obtained the necessary information to make the benefit determination; whether

individuals who compiled the record followed the proper procedure; whether the record was complete; and any oral conversations regarding the plaintiff's claim for benefits. The defendant's phased discovery schedule simply delays the discovery that inevitably will occur.

The plaintiff proposes a discovery schedule as follows:

### Discovery

1. All written discovery, including interrogatories and requests for production, will commence pursuant to this Court's Standing Order and will be completed by July 31, 2003. All depositions, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by April 30, 2004.

2. Discovery will not be conducted in phases.

3. The parties anticipate that the plaintiff will require a total of up to fifteen depositions of fact witnesses. The defendant Hilb Rogal will require the deposition of two fact witnesses, in addition to the fact witnesses deposed by Unum and Provident. The depositions of fact witnesses may commence at any time and will be completed by January 31, 2004.

4. The parties do not anticipate requesting permission to serve more than 25 interrogatories at this time.

5. The plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by January 31, 2004. Depositions of any such experts will be completed by February 28, 2004.

CARMODY & TORRANCE LLP
{W4237432.8}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

11

6.      The defendant, Provident, intends to call expert witnesses at trial. Provident will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.26(a)(2) by March 31, 2004. Depositions of such experts will be completed by April 30, 2004. The defendant, Hilb Rogal, expects to call an expert witness at trial.

7.      A damage analysis will be provided by any party claiming damages on or before November 1, 2003.

**Dispositive Motions**

Dispositive motions will be filed by June 15, 2004.

**Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil cases will be filed by August 31, 2004 or forty-five days after the Court's ruling as to dispositive motions (whichever is later).

**Trial Readiness**

The case will be ready for trial by October 1, 2004, or sixty days after the Court's ruling as to dispositive motions (whichever is later).

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

CARMODY & TORRANCE LLP
{W1297432v8}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

12

## DEFENDANT, PROVIDENT'S, PROPOSED DISCOVERY SCHEDULE

An important issue that must be decided in this case at the outset is whether it is governed by ERISA. In his Complaint, plaintiff alleges that this Court has jurisdiction over his case under ERISA (¶6). He asserts 2 counts for recovery under ERISA. If this case is governed by ERISA plaintiff's state law claims are preempted, and the Court's review of this case my be limited to the Administrative Record. Accordingly, before the parties spend time and money conducting discovery on issues that have no bearing on this case, Provident suggests that the Court enter an order for phased discovery between plaintiff and Provident. The first phase would be devoted to discovery solely on the issue of whether the Policy is part of an ERISA plan. Once that discovery is completed, Provident will move for summary judgment to ask the Court to determine (a) that the Policy is part of an ERISA plan, b) the appropriate standard of review, and c) that the plaintiff's state law claims are preempted by ERISA.

If this Court determines that ERISA does apply, UnumProvident suggests that the Court then require the parties to submit memoranda as to whether discovery is necessary and whether good cause exists for the Court to consider evidence beyond that contained in the Administrative Record. If discovery and evidence beyond the Administrative Record is not necessary the claims between plaintiff and Provident may be able to be resolved by a motion for summary judgment based on the language of the policy and the information in the Administrative Record.

Accordingly, Provident requests the Court to enter an order for phased discovery between it and the plaintiff:

CARMODY & TORRANCE LLP
{W0402974320}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

13

- Phase I will be limited to discovery as to whether the Policy is part of an employee welfare benefit plan governed by ERISA. Phase I discovery will be completed by May 15, 2003.

- Provident's motion for summary judgment regarding ERISA and the standard of review will be filed by June 15, 2003.

If the Court finds that ERISA does apply to this case:

- 30 days after the Court's decision on the motion for summary judgment UnumProvident will file the Administrative Record with the Court.

- 60 days after the Court's decision on the motion for summary judgment, the parties will file memorandum as to what discovery, if any, beyond the Administrative Record is appropriate in this case.

If the Court permits discovery the Court may then enter an order for Phase II discovery between Provident and the plaintiff.

- Phase I will be limited to discovery as to whether the Policy is part of an employee welfare benefit plan governed by ERISA. Phase I discovery will be completed by May 15, 2003.

- Provident's motion for summary judgment regarding ERISA and the standard of review will be filed by June 15, 2003.

If the Court finds that ERISA does apply to this case:

- 30 days after the Court's decision on the motion for summary judgment UnumProvident will file the Administrative Record with the Court.

- 60 days after the Court's decision on the motion for summary judgment, the parties will file memorandum as to what discovery, if any, beyond the Administrative Record is appropriate in this case.

If the Court permits discovery the Court may then enter an order for Phase II discovery between Provident and the plaintiff.