Westlaw

1998 WL 337067                                                                                                    Page 1
(Cite as: 1998 WL 337067 (S.D.N.Y.))

**H**
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Mark E. KISSNER, Plaintiff, v
INTER-CONTINENTAL HOTELS CORPORATION, a
New York Corporation, Defendant.

No. 97 Civ. 8400(SWK).

June 25, 1998.

St. John & Wayne, LLC, New York, for Plaintiff.

Clifton, Budd & DeMaria, LLP, New York, for Defendant.

*MEMORANDUM OPINION AND ORDER*

SHIRLEY WOHL KRAM, U.S.D.J.

*1 In this action alleging breach of contract, fraud and damage to reputation, Inter-Continental Hotels Corporation ("IHC") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Mark E. Kissner's ("Kissner") claims. For the reasons set forth below, IHC's motion is granted in part and denied in part.

BACKGROUND [FN1]

On or about March 23, 1992, IHC hired Kissner to serve as a general manager of a luxury resort facility being constructed in Bali, Indonesia. On or about July 1, 1996, Kissner was transferred to manage a hotel in Manama, Bahrain. Kissner expressed concern with the transfer to Bahrain and indicated a preference for an assignment in a different part of the world. Nevertheless, Kissner relocated to Bahrain with the understanding that he was receiving a promotion and would be taking a step toward becoming Regional Vice President of Operations for the Gulf Region. On or about November 15, 1996, approximately four months after his transfer, IHC terminated Kissner. On November 12, 1997, Kissner filed the instant action, alleging a breach of contract, fraud and damage to his reputation.

DISCUSSION

I. Standard of Law

On a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Easton v. Sundram*, 947 F.2d 1011, 1014-15 (2d Cir.1991), *cert. denied*, 504 U.S. 911 (1992). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

II. Breach of Contract

A. At-will Employment

Under New York law, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 333, 514 N.Y.S.2d 209, 211, 506 N.E.2d 919, 920 (1987). Under the employment-at-will doctrine, an employer has a nearly unfettered right to discharge an employee. *Id.* However, the New York Court of Appeals has indicated that the at-will rule is "a rebuttable presumption." *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 466, 457 N.Y.S.2d 193, 198, 443 N.E.2d 441, 446 (1982). Where a plaintiff can establish the existence of an express written agreement limiting the employer's right of termination, the principles governing employment at will are inapplicable. *Feeney v. Marine Midland Banks, Inc.*, 180 A.D.2d 477, 478, 579 N.Y.S.2d 670, 671 (N.Y.App.Div.1992). This "express limitation" exception to the at-will discharge rule is a context-sensitive exception. *See Gorrill v. Icelandair/Flugleidir*, 761 F.2d 847, 851 (2d Cir.1985). To evaluate the applicability of the exception, the Court looks to the actions of both the employer and employee in relation to a writing that is alleged to constitute an express limitation on an employer's right of discharge. *See id.*; *Starishevsky v. Hofstra Univ.*, 161 Misc.2d 137, 150, 612 N.Y.S.2d 794, 803 (Sup.Ct.1994).

*2 IHC argues that Kissner's breach of contract claim must fail because he was an at-will employee who was terminable at IHC's sole discretion. Kissner argues that pursuant to the express terms of his Letter of Appointment, he was terminable only for "due cause" and was not an at-will employee. Drawing all inferences in favor of Kissner, the Court finds that Kissner has stated a claim for breach of contract. Kissner has adequately alleged that the language of his Letter of Appointment in conjunction with other circumstances surrounding his appointment to the post in Bahrain may have been understood to require cause for his termination and allow him to overcome the presumption that he was an employee at-will. *See Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d at 464, 457 N.Y.S.2d at 197, 443 N.E.2d at 445; *see, e.g., Tiranno v. Sears, Roebuck & Co.*, 99 A.D.2d 675, 675, 472 N.Y.S.2d 49, 50 (N.Y.App.Div.1984) (question for trier of fact whether contractual language requires cause for termination). Assuming that Kissner was

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



1998 WL 337067
(Cite as: 1998 WL 337067 (S.D.N.Y.))

Page 2

not an employee at-will, his contract of employment would contain an implied covenant of good faith and fair dealing, see *Weeder v. Skala,* 80 F.2d 628, 633 (2d Cir.1992), that may have been breached by his alleged termination without "due cause."

B. Severance Benefits

Kissner's cause of action for breach of contract includes a claim for severance benefits. *See* Complaint, ¶ 15. IHC argues that Kissner's claim for severance benefits based on common law contract principles is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a) *et. seq.* ("ERISA").

ERISA preempts state law regarding any matters that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). ERISA was intended to occupy fully the field of employee benefit plans and to establish that field "as exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895 (1981). If an employer's program is an employee welfare benefit plan, ERISA preempts state laws that "provide an alternative cause of action to employees to collect benefits protected by ERISA." *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 146 (2d Cir.), *cert. denied,* 493 U.S. 811 (1989). Most, but not all, employer undertakings or obligations to pay severance benefits are governed by ERISA. *See Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 7, n. 5, 107 S.Ct. 2211 (1987); *Schonholz v. Long Island Jewish Medical Center,* 87 F.3d 72, 75 (2d Cir.), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 511 (1996). The statute applies where "such an undertaking or obligation requires the creation of an ongoing administrative program." *Id.*

Whether an agreement constitutes an ERISA pension plan is a question of fact which must be answered in light of all surrounding circumstances from the perspective of a reasonable person. *Grimo v. Blue Cross/Blue Shield of Vermont,* 34 F.3d 148, 151 (2d Cir.1994). The Court will find that an ERISA plan exists where a reasonable person can "ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedure for receiving benefits." *Id.* In analyzing whether an undertaking constitutes a plan, the Court looks to: (1) "whether the employer's undertaking or obligation requires managerial discretion in its administration"; (2) "whether a reasonable employee would perceive an ongoing commitment by the employer to provide employee benefits"; and (3) "whether the employer was required to analyze the circumstances of each employee's termination separately in light of certain criteria." *Schonholz v. Long Island Jewish Medical Center,* 87 F.3d at 76; *Tischmann v. ITT/Sheraton Corp.,* Nos. 97-7624, 97-7712, 1998 WL 300121, at *5 (2d Cir. June 10, 1998). However, these factors are not exclusive. *Tischmann v. ITT/Sheraton Corp.,* 1998 WL 300121, at *5.

*3 In support of its preemption argument, IHC has submitted a copy of its severance pay plan. *See* Inter-Continental Hotels Severance Pay Plan for Corporate U.S. Payroll Employees, attached to Defendant's Motion to Dismiss as Exh. "C." IHC alleges that its severance pay plan (1) includes a wide-ranging administrative scheme for the distribution of severance benefits; (2) requires eligibility determinations to be made on a case-by-case basis; (3) includes discretionary preconditions that may be imposed on the payment of severance benefits; and (4) provides for ongoing benefits. While IHC's argument may ultimately prevail, the Court is not permitted to consider factual matters submitted outside the complaint unless the parties are given notice that the motion to dismiss is being converted to a motion for summary judgment under Federal Rule of Civil Procedure 56 and are afforded an opportunity to submit additional materials. *See Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 38 (2d Cir.1990). Since the parties have not had an opportunity to submit all of the pertinent material for a summary judgment motion, the Court will not consider IHC's additional factual material in assessing the sufficiency of the complaint. [FN2] Rather, the Court finds that it is premature to dismiss Kissner's common law claim for severance benefits on the basis of ERISA preemption.

III. Fraud

Under New York law there is no cause of action for fraud when the only fraud alleged arises from a breach of contract claim. *Russo v. Friedman,* No. 91 Civ. 6913, 1992 WL 196791, at *4 (S.D.N.Y. July 31, 1992). Here, Kissner claims that IHC convinced him to accept reassignment to Bahrain by making "certain representations with respect to his concerns about assuming a high-profile position as a Jewish person in a work environment and community dominated by persons of Arabic heritage." Complaint, ¶ 20. Kissner's complaint only cites one specific false representation: "Kissner's advancement in Inter-Continental to Regional VP and otherwise were keyed to Kissner's agreeing to take the position of general manager at the Bahrain facility." *Id.*

Normally, promissory statements as to what will be done in the future give rise only to a breach of contract claim. However, false representations of present fact give rise to a separate claim of fraudulent inducement. *Stewart v. Jackson & Nash,* 976 F.2d 86, 88 (2d Cir.1992). Although the alleged promise to promote Kissner seems to be a future

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



1998 WL 337067
(Cite as: 1998 WL 337067 (S.D.N.Y.))

Page 3

promise, "if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of material existing fact upon which an action" for fraudulent inducement may be predicated. _Sabo v. Delman, 3 N.Y.2d 155, 160, 164 N.Y.S.2d 714, 716, 143 N.E.2d 906, 908 (1957)_; see _Stewart v. Jackson & Nash, 976 F.2d at 90_. Construing the complaint in a light most favorable to Kissner, he has sufficiently alleged that IHC's representation with regard to his opportunity for promotion was known to be false at the time it was made and that IHC had no intention of performing its promise.

IV. Damage to Reputation

*4 Kissner's third claim is that his reputation in the industry has been damaged by his improper termination by IHC. See Complaint, ¶¶ 25-6. IHC argues that a defamation claim arising from the discharge of an at-will employee is not cognizable under New York law. See _Weintraub v. Phillips, Nizer, Benjamin, Krim & Ballon, 172 A.D.2d 254, 254, 568 N.Y.S.2d 84, 85 (N.Y.App.Div.1991)_. However, as explained above, Kissner has set forth sufficient facts alleging that he was not an at-will employee. Therefore, Kissner's defamation claim cannot be defeated on this ground at this time.

However, Kissner's defamation claim fails for lack of particularity. "In an action for libel or slander, the particular words complained of shall be set forth in the complaint...." N.Y.C.P.L.R. ("CPLR") § 3016(a). Courts applying New York law dismiss defamation claims which do not comply strictly with this rule at the pleading stage. See _Monsanto v. Electronic Data Sys. Corp., 529 N.Y.S.2d 512, 515 (N.Y.App.Div.1988); Belvision, Inc. v. M & G Elecs., Inc., 520 N.Y.S.2d 790, 790-91 (N.Y.App.Div.1987)_. Kissner has failed to satisfy the pleading requirement of CPLR § 3016. His conclusory allegation that his termination has hurt his reputation in the industry does not state a claim for defamation. See, e.g., _Majer v. Metropolitan Transp. Auth., No. 90 Civ. 4608, 1990 WL 212928, at *4 (S.D.N.Y. Dec. 14, 1990)_.

However, Kissner will be given an opportunity to correct this defect in his complaint. Federal Rule of Civil Procedure 15(a) provides, in part, that once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The decision to grant or deny leave to amend lies within the Court's discretion. _Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)_. Accordingly, Kissner may submit to the Court, by July 6, 1998, a proposed amended complaint accompanied by a memorandum of law of no more than five pages in length outlining how the defect in the present complaint has been corrected. Thereafter, the Court will decide whether leave to amend shall be granted.

CONCLUSION

For the reasons set forth above, IHC's motion to dismiss is granted with respect to Kissner's third claim. IHC's motion is denied with respect to all other claims. If Kissner wishes to amend his complaint, he shall submit a proposed amended complaint to the Court with an accompanying memorandum of law not to exceed five pages in length by July 6, 1998. The case conference scheduled for July 1, 1998 is adjourned until July 15, 1998 at 10:30 a.m. at which time the parties shall appear in Room 906, 40 Centre Street, New York, New York.

SO ORDERED.

> FN1. On a motion to dismiss brought pursuant to Rule 12(b)(6), the Court accepts the allegations in the complaint as true.

> FN2. Moreover, the Court declines to convert this motion to dismiss to a Rule 56 motion because significant factual discovery which would make this case ripe for a summary judgment motion has yet to be completed.

1998 WL 337067, 1998 WL 337067 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works