UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER SCOTT PETERSON,<br>    Plaintiff<br><br>V.<br><br>UNUMPROVIDENT CORPORATION,<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY, and<br>HILB, ROGAL AND HAMILTON<br>COMPANY,<br>    Defendants | CIVIL ACTION NO. 302CV01844CFD |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO RULINGS BY MAGISTRATE JUDGE

This Memorandum is submitted in Opposition to Plaintiff's Objection to Rulings by Magistrate Judge Denying Plaintiff's Motion for Reconsideration.[1] Plaintiff's Objection should be overruled because the discovery ruling issued by Magistrate Judge Smith, dated April 26, 2004, is not clearly erroneous or contrary to law.

### I.   NATURE AND STATUS OF PROCEEDINGS

On February 16, 2004, Plaintiff filed a Motion to Compel responses to the discovery requests to which Provident had originally objected. Provident filed a Memorandum and an Affidavit of Marci Brokish in Opposition to Plaintiff's Motion to Compel Discovery on March 10, 2004. On March 15, 2004, Magistrate Judge Smith denied Plaintiff's Motion to

---

[1] The Defendant also incorporates by reference the arguments made in Defendant's Opposition to Plaintiff's Motion to Compel, filed with this Court on March 10, 2004 (attached as Attachment 1), and in Defendant's Opposition to Plaintiff's Motion for Reconsideration, filed with this Court on April 21, 2004 (attached at Attachment 2)

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

{H:\PA\Lit\16310\00042\A0711577.DOC}

Compel and filed its decision. Thereafter, Plaintiff filed a Motion for Reconsideration on April 1, 2004. Provident filed its opposition to Plaintiff's Motion for Reconsideration on April 21, 2004. On April 26, 2004, Magistrate Judge Smith denied Plaintiff's Motion for Reconsideration. Thereafter, on May 10, 2004, Plaintiff filed this Objection to Ruling by Magistrate Judge Denying Plaintiff's Motion for Reconsideration. Provident hereby files this Opposition to Plaintiff's Objection.

## II.    ARGUMENT

### A.    STANDARD OF REVIEW

The April 26, 2004 ruling by Magistrate Judge Smith is not a "recommended ruling." It is a discovery ruling and an order of the Court subject to review under the "clearly erroneous" standard of review set forth in 28 U.S.C. §636(b)(1)(A). Under this clearly erroneous standard, the Court may reconsider any pretrial matter only where the moving party can show that the Magistrate's order was in clear error or was contrary to law. 28 U.S.C. §636(b)(1)(A).

### B.    THE PLAINTIFF HAS FAILED TO PUT FORTH ANY EVIDENCE THAT WOULD SUGGEST THAT MAGISTRATE JUDGE SMITH'S RULING WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW.

1. Magistrate Judge Smith's Ruling is Not Contrary To Judge Droney's Scheduling Order.

Plaintiff once again argues that Magistrate Judge Smith's decision is clearly erroneous because it is inconsistent with and contrary to Judge Droney's Scheduling Order allowing discovery on both ERISA and state claims to proceed simultaneously. For all of the reasons stated in Defendant's Opposition to Plaintiff's Motion for Reconsideration, and in Defendant's Opposition to Plaintiff's Motion to Compel, Judge Smith's ruling is not inconsistent with the Order. Judge Droney's order allowed ERISA discovery to proceed with the remainder of the claims. This has occurred. All parties are engaging in discovery on all of the claims above and

beyond ERISA discovery. The denial of Plaintiff's Motion to Compel merely prohibits Plaintiff from engaging in unreasonably burdensome and expensive discovery prior to a determination of whether or not this case is governed by ERISA. The denial of a phased discovery request by Judge Droney does not entitle the Plaintiff to obtain absolutely any discovery he wants regardless of how burdensome or irrelevant it may be.

Furthermore, nothing about Judge Droney's Order took away this Court's ability to rule on specific discovery requests. Rule 26(c) of the Discovery Rules of Civil Procedure, specifically provides that discovery may be limited when it goes beyond the bounds of material issues and controversy. Life Music, Inc. v. Broadcast Music, Inc., 31 F.R.D. 3 (D.C.N.Y. 1962). The district courts have the authority to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Rule 26(c). This authority grants judges the ability to exercise appropriate control over the discovery process. Gonzales v. National Broadcasting Company, 155 F.3d 618, 626 (2d Cir. 1998). Absolutely nothing about Judge Droney's Scheduling Order would in any way limit Magistrate Judge Smith from using his discretion and his authority to prohibit overly broad, and expensive discovery until the Court has ruled on the applicability of ERISA. This is particularly true given that plaintiff has affirmatively alleged in his Complaint that his policy may be governed by ERISA.

    2.    Magistrate Judge Smith's Ruling Is Not Contrary To The Liberal And Broad Discovery Standards.

Plaintiff once again argues that this Court's ruling is contrary to broad discovery standards. Nothing about Magistrate Judge Smith's ruling is contrary to the liberal and broad discovery standards. This Court's ruling is not clearly erroneous or contrary to law for all of the reasons set forth in Defendant's Opposition to Plaintiff's Motion for Reconsideration and

Defendant's Opposition to Plaintiff's Motion to Compel. Nothing in the Court's ruling prohibits Plaintiff from conducting relevant and reasonable discovery on his CUTPA claim. However, broad discovery is not without limits. As stated above, the authority to exercise control over the discovery process is within the District Court's discretion. Gonzales, 155 F.3d at 626. Discovery that would properly be characterized as a fishing expedition, causing needless expense and burden should be denied. If these state law claims are preempted, this discovery is a needless expense.

Discovery must also be relevant. Rule 26(c). The discovery sought by Plaintiff is not at all relevant if Plaintiff's state claims are preempted. It is uncontested that if the policy was provided to Dr. Peterson as part of an ERISA plan as Plaintiff alleges in Count IV and V of his Complaint, Dr. Peterson cannot maintain any claim under CUTPA or CUIPA. Case v. Hospital of St. Raphael, 38 F.Supp.2d 207, 208-209 (D.Conn. 1999)(CUTPA claims preempted by ERISA where plaintiff claimed denial of disability benefits.)

ERISA preemption is not an issue that simply may be the subject of a later summary judgment motion. The ERISA issue has been raised with the Court from the beginning of the case. Because Plaintiff believed that Dr. Peterson's policy may be part of an ERISA plan, Plaintiff pled 2 counts under ERISA as an alternative cause of action in the Complaint. This is not merely a case where the defendant has raised ERISA as an affirmative defense, and a summary judgment may later come to fruition on that defense. This is a case where Plaintiff has specifically plead 2 counts under ERISA in its Complaint, based on Plaintiff's reasonable belief that this policy was part of an ERISA plan.

Furthermore, Plaintiff would have this Court believe that he should be entitled to this overly broad expensive discovery just because he has alleged a claim under CUTPA. However,

for all of the reasons set forth in Defendant's Opposition to Plaintiff's Motion to Compel, and in Defendant's Opposition to Plaintiff's Motion for Reconsideration, this broad discovery sought is equally irrelevant to his CUTPA claim.  Plaintiff claims that just because he has alleged that Provident "misrepresented the benefits, advantages, conditions or terms of the disability policy" or "has engaged in a practice of willfully and in bad faith denying claims for disability benefits" that it should be entitled to 5 years worth of documents, which include affidavits, deposition transcript, lawsuits, administrative complaints, written statements, investigations, findings, judgments by state or federal agencies about "any allegations" that Provident pressured employees to deny claims; set targets and goals to deny claims; provided financial incentives to deny claim, and for Provident handling of disability claims.  This discovery is overly broad, unduly burdensome, particularly in light of the fact that this case revolves around the issue as to whether due to a minor heart attack Dr. Peterson is totally disabled where he continues to work over 30 hours a week, making a substantial income, doing all of his occupational duties, except 5 hours of surgery a week.

      3.     Magistrate Judge Smith's Prediction That The Policy At Issue Is In Fact Part of an ERISA Is Not Clearly Erroneous.

The policy at issue is part of an ERISA plan for all of the reasons set forth in Defendant's Opposition to Plaintiff's Motion to Compel, and in Defendant's Opposition to Plaintiff's Motion for Reconsideration.  Although Plaintiff pled 2 counts of ERISA in his Complaint in an effort to convince this Court that he is entitled to the broad discovery requested, Plaintiff now seeks to backtrack from his Complaint by arguing that the policy can not possibly be part of an ERISA plan.  Plaintiff's argument that the plan falls within the scope of the Safe Harbor Regulations under ERISA, (argued here for the first time) fails as a matter of law.

The purchase of multiple policies for a class of employees is substantial evidence of an ERISA plan where a reasonable person could ascertain the source of the financing and where the employer maintained the financial and administrative responsibility for the plan. Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151-152 (2nd Cir. 1994). In what is commonly referred to as the "safe harbor" exception, the Department of Labor has addressed the issue of when group insurance arrangements are exempt from ERISA coverage. The regulation provides that a "welfare plan" shall not include an insurance program offered by an insurer to employees under which

(1) No contributions are made by an employer or an employee organization;

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program, are without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions, or dues check offs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation excluding any profit, for administrative services actually rendered in connection with payroll deduction or dues check offs.

Id. at 152. However, the Department of Labor has stressed that in order for this exemption to apply, the employers role must be strictly limited: "The functions of the employer…must be limited to publicizing the program and handling premium payments through payroll deduction…. The employer…must not hold out the program as a benefit of employment…" Notice of Proposed Rule Making, dated June 9, 1975.

In subsequent comments on these regulations, the Department of Labor stated that there must be an absence of employer involvement: "[The] requirement of employer neutrality is the key to the rationale for not treating such a program as an employee benefit plan, mainly, the

absence of employer involvement." 40 F.R. 34525 (August 15, 1975).  The Department of Labor has continued to stress the absence of employer involvement for the exception to be applicable. In Opinion Letter No. 77-54 (August 8, 1977), the Department of Labor determined that the regulation was inapplicable simply because the employer collected premiums in a manner other than payroll deduction, negotiated with the insurer, and assisted members with claims.  In addition, Department of Labor Regulations, the Notice of Proposed Rule Making and subsequent case law all clearly indicate that the Department of Labor's view is that all four criteria must be met before a plan will be exempt from ERISA.  Grimo, 34 F.3d at 152.

The policy at issue in this case falls outside of the safe harbor exception because it cannot meet all four criteria.  The safe harbor exception requires that no contributions are made by the employer.  As set forth in Defendant's Opposition to Plaintiff's Motion for Reconsideration, the application for insurance specifically states that the employer will pay all of the premiums.  In fact, that the employer received one bill for all of the individual policies for which it was directly responsible for paying the premiums.  Plaintiff cannot contest that the company issued the premium payments directly to Provident.  The third requirement of the ERISA safe harbor exception requires that there be no endorsement of the program from the employer other than allowing the insurer to publicize the program.  Similarly Plaintiff cannot assert that there was no endorsement of the program where the employer participated in the negotiation of the policy, where Provident provided a discounted premium for the policy because of the employers sponsorship of this Plan, and regardless of whether or not the physicians reimbursed the cost of the premiums, where the employer maintained the financial and administrative responsibility for this policy and those issued to the other doctors.  Therefore, this policy cannot, as a matter of law, fall within the safe harbor exception.

### 4. ERISA Does Not Permit The Type Of Discovery Sought In Connection With An Award of Attorney's Fees.

Plaintiff's last argument is that even assuming that the long-term disability policy is an ERISA plan, that somehow ERISA would entitle him to the type of discovery sought in Plaintiff's Motion to Compel. Plaintiff appears to argue that because in some circumstances there may be entitlement to an award of attorneys fees for a successful claim under ERISA that he should be entitled to the discovery currently sought in pursuit of his CUTPA claim, regardless of whether or not CUTPA is preempted. In support of this argument, Plaintiff cites two cases where the factors taken into consideration in determining whether or not an award of attorneys fees is appropriate are discussed.

Neither case cited by Plaintiff would even remotely suggest that in an ERISA action he would be entitled to this overly broad, expansive, nationwide discovery. It is true that in determining whether to award attorneys fees, one of the factors taken into consideration in the Second Circuit is "the degree of the offending party's culpability or bad faith." However, this factor only takes into account activities towards the individual claimant. There is absolutely no basis for a claim of nationwide discovery in order to establish entitlement to attorneys fees. This argument is unfounded in any statute or case law.

For example, in the first case cited by Plaintiff, the Second Circuit found that the plaintiff was entitled to an award of attorneys fees. The Court held that in part because the District Court concluded that it was "satisfied that [the plaintiff] was treated badly…;" attorneys fees were appropriate. Chambless v. Masters, Mates and Pirates Pen. Plan., 815 F.2d 869, 872 (2nd Cir. 1987)(emphasis added). There was absolutely no mention in this case of any actions involving any other claim by any other policyholder.

Similarly, in Lauder v. First Unum Life Insurance Company, 284 F.3d 375, 383 (2d. Cir. 2002), the Second Circuit vacated the award of attorneys fees. In doing so, the Court held that while the denial of benefits to the plaintiff was incorrect, the insurance company's position was not "so egregiously wrong" as to amount to bad faith. Id. Again, here the consideration of bad faith actions in determining whether or not to award attorneys fees centers around the defendant's actions toward the plaintiff; not towards claimants throughout the nation. Nothing about Magistrate Judge Smith's ruling or Defendant's objection to discovery prohibits the Plaintiff from obtaining discovery concerning any actions of Provident toward this plaintiff. The parties have already engaged in discovery regarding Provident's handling of Plaintiff's disability claim.

Therefore, nothing in this Court's ruling is inconsistent with the discovery Plaintiff may be entitled to in order to attempt to support a claim for attorneys fees and even more so, nothing in the Second Circuit case law would entitle Plaintiff to the nationwide broad discovery he has sought in connection with an action under ERISA.

As such, all of Plaintiff's alleged grounds for finding the Court's ruling clearly erroneous or contrary to law are entirely unfounded, Plaintiff has not provided this Court with any reason to overturn Magistrate Judge Smith's discovery ruling. Plaintiff's Objection should be overruled.

### III.  CONCLUSION

For each of the foregoing reasons, the Plaintiff's Objection to Ruling by Magistrate Judge Denying Plaintiff's Motion for Reconsideration should be overruled.

UNUMPROVIDENT CORPORATION
AND
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By their attorney,


/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.,
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502
Federal Bar No. 22072

Dated: May 28, 2004

CERTIFICATE OF SERVICE

    I, Kristina H. Allaire, hereby certify that on May 28, 2004, a copy of the foregoing Defendant's Memorandum in Opposition to Plaintiff's Objection to Rules by Magistrate Judge, was filed electronically [and served on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608
Phone: (508) 791-8500
Fax:    (508) 791-8502
E-mail: khallaire@modl.com
Federal Bar No. 22072
