ATTACHMENT 2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER SCOTT PETERSON,<br>    Plaintiff<br><br>V.<br><br>UNUMPROVIDENT CORPORATION,<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY, and<br>HILB, ROGAL AND HAMILTON<br>COMPANY,<br>    Defendants | CIVIL ACTION NO. 302CV01844CFD |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

    This Memorandum is submitted in opposition to Plaintiff's Motion for Reconsideration.[1]

Plaintiff's Motion should be denied for each of the following reasons:

1.     Plaintiff's Motion for Reconsideration is untimely;

2.     Plaintiff has failed to meet the requirements for reconsideration in that he has failed to cite any change in controlling law, submit any newly discovered evidence or point out the need to correct any clear error or prevent manifest injustice; and

3.     Plaintiff's stated grounds for reconsideration are unfounded.

<u>Nature and Status of Proceedings</u>

    On February 16, 2004 Plaintiff filed a Motion to Compel responses to the discovery requests to which Provident had originally objected. Provident filed a Memorandum and an Affidavit of Marci Brokish in Opposition to Plaintiff's Motion to Compel Discovery on

---

[1]     The Defendant also incorporates by reference the arguments made in Defendant's Opposition to Plaintiff's Motion To Compel, filed with this Court on January 12, 2004.

March 10, 2004. On March 15, 2004 this Court denied Plaintiff's Motion to Compel and filed its decision. Thereafter, Plaintiff filed this Motion for Reconsideration on April 1, 2004. Provident hereby files this Opposition to Plaintiff's Motion for Reconsideration.

Argument

1. <u>Plaintiff's Motion for Reconsideration is Untimely</u>.

Local Rule 7(c)(1) requires that motions for reconsideration be "filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and [that such motions] shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1); <u>Horsey v. Bysoewicz</u>, No. 3:99 CV 2250, 4-5 (D.Conn. March 24, 2004). This Court's decision and order were filed on March 15, 2004. Omitting intermediate Saturdays and Sundays as provided by Fed.R.Civ.P. Rule 6, any Motion for Reconsideration should have been filed on or before March 29, 2004. Plaintiff did not file his Motion for Reconsideration until April 1, 2004. Plaintiff did not request from this Court or the Defendants an extension of time for filing a Motion for Reconsideration. Plaintiff asserts in his Motion that he did not receive the Court's order until March 18, 2004. However, this date is irrelevant. The ten (10) days for filing a motion for reconsideration run from the "filing" of the decision, not receipt of the order. Therefore, plaintiff's time for filing its Motion for Reconsideration expired on March 24, 2004. As such Plaintiff's motion is untimely and should be denied.

2. <u>Plaintiff Has Failed to Meet The Requirements For Reconsideration Where He Does Not Cite Any Change In Controlling Law, Submit Any Newly Discovered Evidence Or Point Out The Need To Correct Any Clear Error Or Prevent Manifest Injustice.</u>

"Reconsideration of a previous ruling is appropriate where there has been an intervening change in controlling law, new evidence, or a need is shown to correct a clear error of law or to

prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). The standard for granting a motion for reconsideration is strict. Channer v. Brooks, 2001 U.S. Dist. LEXIS 25065, 2001 WL 1094964 at *1 (D.Conn. 2001); *See also* Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.; LoSacco. v. City of Middletown, 822 F. Supp. 870, 876-77 (D.Conn. 1993), aff'd 33 F.3d 50 (2d Cir. 1994), quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Accord Hock v. Thipedeau, 245 F. Supp.2d 451, 453 (D.Conn. 2003).

    A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the motion to compel. LoSacco. V. City of Middletown, 822 F. Supp. 870, 876-77 (D.Conn. 1993), aff'd 33 F.3D 50 (2d Cir. 1994), citing Keene Corporation v. International Fidelity Insurance Company*,* 561 F. Supp. 656, 665 (N.D.Ill. 1983). The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters. Gloria Weinstock, v. Officer Timothy Wilk, Civil No. 3:02cv1326 1-2 (PCD)(D. Conn. February 25, 2004); Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*,* 928 F. Supp. 287, 289 (S.D.N.Y. 1996); Fassett v. Haeckel*,* Civil No. N-86-64 (EBB), slip op. at 2 (D.Conn.October 18, 1989); Lund v. Chemical Bank*,* 675 F. Supp. 815, 817 (S.D.N.Y. 1987).

    A motion for reconsideration is not simply a "second bite at the apple" for a party dissatisfied with a court's ruling. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Furthermore, a motion for reconsideration is "not a vehicle for relitigating old issues,

presenting the case under new theories, [or] securing a rehearing on the merits. . . ." Id.; Metro. Entm't Co., Inc. v. Koplik, 25 F. Supp.2d 367, 368 (D. Conn. 1998) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255(2d Cir. 1992)).  The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

As an initial matter, Defendant's Memorandum in Support of Reconsideration reads more like a Reply to Provident's Opposition to Plaintiff's Motion to Compel than one for reconsideration.  Plaintiff is using a Motion for Reconsideration to respond to Provident's Opposition and raise arguments which could have been, but were not raised in Plaintiff's Motion to Compel.  Only three grounds justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir.), cert. denied, 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992); Metropolitan Entertainment Co., Inc. v. Koplik, 25 F. Supp.2d 367, 368 (D. Conn. 1998).   None of these grounds are present here.

Plaintiff does not cite to any change in controlling law or submit any newly discovered evidence.  Moreover, Plaintiff does not even list these grounds in his recesitation of the law on reconsideration.  Thus, reconsideration is appropriate only if he can point to clear error or the need to prevent manifest injustice. Plaintiff's arguments for error and injustice are of two types.  Some are exactly the same arguments made in its original Motion to Compel.  Others are brand new arguments used to respond to Provident's Opposition.  Both types of arguments are inappropriate grounds for reconsideration.  Plaintiff is clearly attempting to "relitigate the old

issues" and "to plug gaps in an original argument." This is an inappropriate use of a Motion for Reconsideration. As in his Motion to Compel, Plaintiff argues that (1) he is entitled to this broad discovery because of his CUTPA/CUIPA claim and (2) that his requests are in fact narrowly tailored and not unduly burdensome. Other that reiterating these two arguments, Plaintiff attempts to fill in the gaps in its original brief by responding to the arguments raised by Provident in its opposition. In doing so, plaintiff attempts to introduce allegations of bad faith from other lawsuits and other evidence not previously included, but not newly discovered. A motion for reconsideration is not the time or the place to respond to Defendant's arguments attempt to re-litigate his previous arguments, or raise issues that could have been raised, but were not raise in the original Motion. As such, Plaintiff's Motion for Reconsideration should be denied.

    3.    <u>Even If Plaintiff's Stated Grounds For Reconsideration Were Proper; They Are Completely Unfounded.</u>

Judge Droney's Scheduling Order

Plaintiff first argues that the denial of his Motion to Compel is inconsistent with Judge Droney's January 22, 2003 ruling allowing discovery on both ERISA and State claims to proceed simultaneously. The denial of Plaintiff's Motion to Compel is not inconsistent with this order. At the time of the Rule 26(f) scheduling conference no one anticipated and the Court did not determine that it could not consider the appropriateness of discovery requests in light of the ERISA claim. Judge Droney authorized both phases of discovery to begin at the same time. At no time did he determine the appropriateness of this type of overly broad and unduly burdensome discovery before a decision on the application of ERISA. Nothing in Judge Droney's Scheduling Order would prohibit this Court from finding that in light of the ERISA

claims asserted in the Complaint, the expansive fishing expedition Plaintiff requested in his Motion to Compel is inappropriate at this time.

### Inclusion Of The ERISA Count

Next, plaintiff argues that he stated 2 Counts in his Complaint under ERISA only because he thought that Provident would raise it as an affirmative defense. However, Provident is unaware of any rule of pleading requiring a plaintiff to state a claim under ERISA even though it does not exist just because the defendant may raise it. If Plaintiff really had no basis to believe that this action might be governed by ERISA and that there is no realistic claim under ERISA, inclusion of this meritless claim would violate Rule 11. Provident is in no way suggesting that Plaintiff violated Rule 11; in fact just the opposite. Plaintiff included a cause of action under ERISA because he recognized that there was in fact a likelihood that this action was governed by ERISA.

Contrary to Plaintiff's assertion, there is plenty of evidence even at this stage in the case, to suggest that this is an ERISA plan. For example, the application for insurance states that the employer will pay all of the premium; the employer received a single bill for all of the Provident policies; Provident provided a discounted premium for the policies because of the employer's sponsorship of this Plan; and the employer maintained the financial and administrative responsibility for this policy and those issued to the other doctors. Further discovery on the ERISA issues in this case are pending.

### Additional Time And Duplication Of Discovery

Next, Plaintiff argues that postponing this burdensome discovery until after a ruling on the ERISA issue will require additional time for discovery and force Plaintiff to depose witnesses twice. This argument too is unfounded. First of all the parties have already requested an

extension of the discovery deadline until the end of August 2004.  Secondly, no witnesses will need to be deposed twice as none of the witnesses responsive to Plaintiff's current Rule 30(b)(6) notice will testify in response to these issues because they are unlikely to have sufficient knowledge of these issues to testify on the Company's behalf.

### CUTPA Claim

Plaintiff's reiterates his argument that as long as he has plead a cause of action for CUTPA he should be automatically entitled to this expansive discovery.  This argument is also meritless.  Merely pleading a claim under CUTPA does not entitle Plaintiff to discovery of any material that he desires, especially where the information sought is irrelevant to a CUTPA claim.  Moreover, it is not just that Plaintiff has failed to plead specific facts to support a CUTPA claim, but he has failed to plead <u>any</u> facts that could rise to level of CUPTA claim.  Similarly, Plaintiff has not argued any facts in his motion that would rise to the level of bad faith; what he has alleged is just a disagreement over his claim.  Finally, Provident should not be forced to undergo this expensive expansive discovery process merely to prove that it has done nothing wrong, when the information sought is irrelevant to Plaintiff's claim.

### "Narrowly Tailored"

Once again, Plaintiff argues against Provident's overbreadth and unduly burdensome objection by stating that his requests are "narrowly tailored."  No matter how many times he calls them "narrowly tailored;" these requests are not.  Plaintiff minimizes the breadth of the discovery he seeks by stating that he only "principally" seeks certain documents – whatever that means.  But this is not what his requests state and it is not what Plaintiff moved to compel in his first motion.  The idea that because Provident objects on the grounds breadth and burdensome somehow means that there is an "overwhelming abundance of documentation" is ludicrous.  The

breadth and burden of these requests pertain to the process required to seek out, locate, review and produce responsive documents, in addition to the fact that the information sought is irrelevant to Plaintiff's claims.

### Allegations Of Ex-Employees

Plaintiff claims that he is entitled to this discovery because of other claims made by certain "whistle-blowers" (ex-employees of Provident) who claimed to have felt "pressure" to deny claims. Yet none of these people worked on Plaintiff's claim, and there is no allegation that anyone who worked on Plaintiff's claim ever felt this so-called "pressure." The allegations of these other individuals is irrelevant if they have no relation to the handling of this claim. Plaintiff is simply not entitled to discovery that is not relevant to this claim.

### Overstated Burden

Plaintiff next argues that Provident has overstated the cost and amount of time required to comply with his requests. This too is unfounded. Provident recognizes that Plaintiff has not asked for copies of all of its litigation files. But in order for Provident to comply with these requests it will have to have someone review each and every litigation file for responsive allegations and documents. As Provident clearly stated in its Opposition, it is not the physical copying that mandates the expense, but rather the process that would be required to comply with these requests. Plaintiff argues that Provident should at least supply responsive documents that are readily available, however he appears to ignore the fact that Provident has also objected on the grounds of relevance and overbreadth. It is not just that these requests are unduly burdensome, but rather Plaintiff is not entitled to all the information sought.

<u>Nationwide Search</u>

Finally, Plaintiff again claims that this is not a nationwide search because claims are handled at a few regional offices. Plaintiff completely missed the point. Regardless of whether or not all the claims were handled in one state, lawsuits are filed across the country and as clearly stated in Provident's opposition these files are maintained with each outside counsel in each state.

As such, all of Plaintiff's alleged grounds for reconsideration are entirely unfounded and provide the Court with absolutely no reason for overturning its previous ruling and therefore Plaintiff's Motion for Reconsideration must be denied.

<u>CONCLUSION</u>

For each of the foregoing reasons, the Plaintiff's Motion for Reconsideration should be denied.

UNUMPROVIDENT CORPORATION
AND
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By their attorney,


    /s/ Joan O. Vorster
Joan O. Vorster, Esq.
BBO # CT20230
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated:  April 21, 2004

## CERTIFICATE OF SERVICE

    I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Augustus R. Southworth, III, Domenico Zaino, Jr., Carmody & Torrance, LLP, 50 Leavenworth Street, P.O. Box 1110, Waterbury, CT 06721-1110, and Samuel B. Mayer, Esq., 46 Woodbury Avenue, Stamford, CT 06907.

    /s/ Joan O. Vorster
Joan O. Vorster, Esq.

Dated:  April 21, 2004