UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WALTER SCOTT PETERSON | : | CIVIL ACTION NO. |
|    Plaintiff | : | 3:02CV01844 (CFD) |
| | : | |
| VS. | : | |
| | : | JUNE 29, 2004 |
| UNUMPROVIDENT CORPORATION, | : | |
|    Defendant | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY, | : | |
|    Defendant | : | |
| HILB, ROGAL AND HAMILTON COMPANY, | : | |
|    Defendant | | |

## MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Local Rules 9(b) and 11(b) the Plaintiff, **WALTER SCOTT PETERSON, M.D.**, respectfully moves for an extension of the current deadlines set forth in the scheduling order entered by the Court on or about April 22, 2004, as follows:

| Current Deadline | Proposed New Deadline |
|---|---|
| Expired—Written Discovery | August 15, 2004 (for second claim only—see below) |
| August 31, 2004—deposition of fact witnesses | November 30, 2004 |
| June 30, 2004—designation of plaintiff's experts | September 31, 2004 |
| July 31, 2004—deposition of plaintiff's experts | October 31, 2004 |
| August 31, 2004—designation of defendant's experts | November 30, 2004 |
| September 30, 2004—deposition of defendant's experts | December 31, 2004 |
| September 30, 2004—completion of all depositions | December 31, 2004 |
| November 30, 2004—dispositive motions | February 28, 2005 |
| January 31, 2005—joint trial memorandum | April 1, 2005 |
| March 1, 2005—trial ready | June 1, 2005 |

{W1306675;2}

This is the third extension of time with respect to the deadlines contained in the Rule 26(f) Planning Report. The defendant, Hilb Rogal & Hamilton Company, does not have any objection to the granting of this Motion. The defendants UnumProvident Corporation and Provident Life & Accident Insurance Company consent to a 30-day extension of the current deadlines and will file a brief reply setting forth their position.

Dr. Peterson respectfully request this extension for the following reasons:

(a)     This case concerns the denial of long-term disability benefits to the plaintiff, Walter Scott Peterson, M.D. ("Dr. Peterson"), based on a claim for disability benefits that Dr. Peterson filed on or about October 25, 2000 due to a heart attack he suffered in July 2000. Dr. Peterson filed a second claim for disability benefits, which is currently *not* part of this case, on or about November 11, 2002 due to certain eye disorders. The defendant, UnumProvident Corporation ("UnumProvident"), paid Dr. Peterson seven months of disability benefits, with a reservation of rights, based on his second claim for benefits. UnumProvident recently notified Dr. Peterson in a letter dated June 10, 2004 that his second claim for disability benefits is denied. A copy of this letter is attached hereto as <u>Exhibit A</u>. The letter states that Dr. Peterson may appeal this decision within 180 days and that UnumProvident would render its final decision within 60 or 120 days[1]. Under normal circumstances, Dr. Peterson would appeal and await UnumProvident's

---

[1] Although UnumProvident states that it would render its final decision within 60 or 120 days, it took UnumProvident nearly two years to finally deny the plaintiff's first claim for disability benefits and 10 months from the date the plaintiff appealed the initial denial. Further, UnumProvident took nearly 18 months to initially deny the plaintiff's second claim for disability benefits.

final decision prior to taking any legal action to enforce his rights under the contract.  Dr. Peterson, however, would not receive UnumProvident's final decision until all or nearly all of the deadlines in the current scheduling order expired.  This would require Dr. Peterson to file a new lawsuit against the defendants or amend his complaint at a later date and request a new scheduling order that would permit discovery on the second claim for benefits.  Either scenario would be inefficient and a waste of time, money and judicial resources.  For example, Dr. Peterson intends to depose the individuals who reviewed and denied his first claim for disability benefits.  These depositions will take place in Chattanooga, Tennessee.  It would be more efficient and cost effective for all the parties if Dr. Peterson could also depose the individuals and doctors who reviewed his second claim for benefits during one trip to Tennessee rather than having to schedule a second trip.  Therefore, Dr. Peterson hereby requests a revised scheduling order that would apply to Dr. Peterson's first *and second* claim for benefits.

Dr. Peterson intends to file a Motion to Amend his Complaint to include a claim against the defendants based on UnumProvident's denial of his second claim for benefits.  If UnumProvident reverses its decision and grants Dr. Peterson benefits based on his second claim, Dr. Peterson would withdraw the counts that relate to his second claim for benefits.

2.   Dr. Peterson has appealed the Magistrate Judge's denial of his Motion for Reconsideration and is awaiting a decision.  Plaintiff's counsel will need to review any additional documents that may be produced as a result of the

Court's ruling prior to taking several pending depositions. The additional documents that may be produced pursuant to the plaintiff's Motion to Compel may also need to be reviewed by the plaintiff's potential experts.

For the foregoing reasons, the plaintiff respectfully request this modification of the scheduling order.

                              PLAINTIFF
                              WALTER SCOTT PETERSON


                              BY:_____
                                Augustus R. Southworth III (Bar No. ct04166)
                                Domenico Zaino, Jr. (Bar No. ct20082)
                                Carmody & Torrance LLP
                                50 Leavenworth Street, P.O. Box 1110
                                Waterbury, CT 06721-1110
                                Phone: 203-573-1200
                                Fax: 203-575-2600


## **CERTIFICATION**

This is to certify that on this the 29th day of June, 2004, a copy of the foregoing was sent via regular mail, postage pre-paid, to the following counsel of record:

Joan O. Vorster, Esq.
Mirick O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Samuel B. Mayer, Esq.
Duane Morris
46 Woodbury Avenue
Stamford, CT 06907


                                _____
                                Augustus R. Southworth III
                                Domenico Zaino, Jr.