UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER SCOTT PETERSON,<br>    Plaintiff<br><br>V.<br><br>UNUMPROVIDENT CORPORATION,<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY, and<br>HILB, ROGAL AND HAMILTON<br>COMPANY,<br>    Defendants | CIVIL ACTION NO. 302CV01844CFD |

## DEFENDANT, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY AND UNUMPROVIDENT CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

The plaintiff, Water Scott Peterson, has moved to extend the current deadlines set forth in the Scheduling Order entered by the Court on or about April 22, 2004.  Plaintiff seeks an additional 90 days for all of the deadlines set forth in his motion.  Plaintiff claims that this extension is necessary is because Dr. Peterson has submitted a second claim to UnumProvident, which was denied via a letter dated June 10, 2004.  A copy of this letter from UnumProvident is attached to the plaintiff's motion as Exhibit A.

The defendants do not object to an additional 30 days to complete discovery, depositions and dispositive motions for the claims that are pending in this case.  The defendants do object to the 90 day extension for each of the following reasons:

    1.    Despite the fact that Dr. Peterson has submitted a second disability claim, which has recently been denied, that claim is not at issue in this case.  The plaintiff has not filed a motion to amend his complaint to add the second disability claim to this case.  Because the

second disability claim is not at issue in this case, it makes little sense to extend deadlines for discovery on a claim that is not part of this litigation.

2.      All claims under this Policy are likely governed by ERISA (See Counts IV and V of the Complaint).  Currently, the plaintiff is pursuing the administrative appeal required by ERISA on his second disability claim.  That appeal is likely to take at least 90 days to complete.  Until that appeal is complete, and administrative remedies are exhausted, amendment of the complaint is premature.  Thus, because the appeal will take at least 90 days to complete, adding an additional 90 days to the deadlines in this case will accomplish nothing.

3.      Given the differences between Dr. Peterson's first and second claims for disability benefits under the Policy, the different issues that are likely to be raised, and perhaps, the different parties that are likely to be involved, this Court may determine that it makes more sense to adjudicate these claims in difference actions.  If the Court, when presented with plaintiff's proposed motion to amend complaint decides to deny that motion, then it makes little sense to extend the deadlines for this case to the extent requested by the plaintiff.

4.      In the event that the appeal on the second claim is denied, and this Court permits plaintiff to amend his complaint to include the second disability claim to this case, discovery on the second claim will not be extensive.  As is set forth in the letter that is attached as Exhibit A to the plaintiff's Motion, at issue in the second disability claim is the definition of Dr. Peterson's occupation.  According to the plaintiff's Motion, Dr. Peterson filed a second claim for disability benefits on or about November 11, 2002 due to certain eye disorders.  He claimed that the eye disorders precluded him from performing his occupation as an opthalmic surgeon.  In November 2002, Dr. Peterson had not practiced as an opthalmic surgeon for over 2 years, but continued to practice as an opthalmologist, seeing patients in the office.  Under the terms of the Policy,

Dr. Peterson's occupation is defined as the occupation in which he is regularly engaged in at the time he becomes disabled. Thus, while the vision claim may impair him from performing opthalmic surgery, it does not impair him from performing his duties as an opthalmologist. When Dr. Peterson became disabled due to the vision claim in November 2002, he was not practicing opthalmic surgery. Should the court allow the plaintiff to amend his complaint to add the vision claim, this is a finite issue. A brief period of discovery may be necessary and may be scheduled at a later date. While the personnel who handled the second claim are in Chattanooga, Tennessee, if plaintiff does not want to travel to Chattanooga for his deposition, plaintiff always has the option of taking the deposition by telephone or video conferencing.

WHEREFORE, while the defendants do not object to an additional 30 days to all of the current deadlines pending in this case, they do object to the plaintiff's request for an additional 90 days to all of the deadlines currently pending for the issues in this case.

UNUMPROVIDENT CORPORATION
AND
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By their attorney,

/s/ Kristina H. Allaire
Joan O. Vorster, Esq., ct20230
Kristina H. Allaire, Esq., ct22072
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: July 14, 2004

## CERTIFICATE OF SERVICE

    I, Kristina H. Allaire, hereby certify that on July 14, 2004, a copy of the foregoing Defendant, Provident Life and Accident Insurance Company and UnumProvident Corporation's Opposition to Plaintiff's Motion to Modify the Scheduling Order was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.
