UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER SCOTT PETERSON<br>Plaintiff, | CIVIL ACTION NO.<br>3:02CV01844 (CFD) |
| VS. | |
| UNUMPROVIDENT CORPORATION,<br>Defendant<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br>Defendant<br>HILB, ROGAL AND HAMILTON COMPANY,<br>Defendant | JULY 16, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO FILE AMENDED COMPLAINT**

**I.      INTRODUCTION**

This case arises from the defendants', Provident Life & Accident Insurance Company ("Provident") and UnumProvident Corporation's ("UnumProvident"), denial of long-term disability benefits to Dr. Peterson under a policy issued to him by Provident. Dr. Peterson commenced this action on or about October 22, 2002, asserting claims against Provident and UnumProvident sounding in breach of contract, breach of the covenant of good faith and fair dealing and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b et seq. Dr. Peterson pled, in the alternative, two counts against Provident and UnumProvident alleging violation of the Employee Retirement Income Security Act (ERISA). Dr. Peterson also asserted a

{W0307820} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

claim against the defendant, Hilb, Rogal and Hamilton Company ("HRH"), for negligent misrepresentation.

Dr. Peterson filed two claims for disability benefits under his long-term disability policy. This case currently only concerns Dr. Peterson's first claim for disability benefits, which he filed in October 2000. Dr. Peterson filed a second claim for disability benefits, which is currently *not* part of this case, on or about November 11, 2002, due to certain eye disorders. UnumProvident recently notified Dr. Peterson in a letter dated June 10, 2004, that his second claim for disability benefits is denied. A copy of this letter is attached hereto as Exhibit B.

Dr. Peterson has filed this Motion to Amend his Complaint to: (1) conform the allegations in the Complaint to the evidence discovered to date; (2) to include an allegation that UnumProvident and Provident breached the terms of the long-term disability policy by denying Dr. Peterson's second claim for disability benefits; and (3) to assert a new claim against UnumProvident and Provident for negligent misrepresentation.

To enable this Court and counsel to see precisely what changes are being made, Dr. Peterson submits as Exhibit C to this Memorandum a "black-lined" version of the proposed Amended Complaint.

## II. BACKGROUND

Prior to purchasing his long-term disability policy in 1987, representatives of Provident and predecessors of the defendant HRH represented to Dr. Peterson that he

{W0307826} Y & TORRANCE LLP  
Attorneys at Law  
50 Leavenworth Street  
Post Office Box 1110  
Waterbury, CT 06721-1110  
Telephone: 203 573-1200

would be insured under the policy as an "Ophthalmic Surgeon Specializing in Cataract and Implant Surgery" and would be entitled to benefits if he ever became disabled from working in this specific occupation even if he could perform other work.

These same or very similar representations were also made to Dr. Peterson's colleagues who purchased the same or very similar policies. Dr. Peterson and his colleagues were specifically advised that "the number of hours that you spend doing surgery versus the number of hours you spend weekly seeing patients is of absolutely no importance to [Provident] as far as the definition of disability for you as an ophthalmic surgeon. If you are still able to see patients but cannot perform the surgery you are considered totally disabled by the Provident and will receive your full disability income benefit." In reliance upon these and other representations, Dr. Peterson purchased the policy and for 17 years has continued to be solely responsible for payment of the annual premium payment of approximately $5,725. Dr. Peterson's employer never contributed toward payment of the premiums.

### 1.   Dr. Peterson's First Claim for Disability Benefits

The first claim for disability benefits that Dr. Peterson filed was based on a heart attack that he suffered on July 11, 2000. Dr. Peterson was treated by James F. Flint, M.D. and Albert J. Solnit, M.D. and was also evaluated by Lawrence S. Cohen, M.D. Doctors Flint, Cohen and Solnit all unequivocally stated that as a result of his heart attack and its sequela Dr. Peterson is totally disabled from his former occupation

{W0308820} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

as an ophthalmic surgeon specializing in cataract and implant surgery and have so informed UnumProvident. Dr. Flint opined that "it would be extremely detrimental to [Dr. Peterson's] health for him to continue performing cataract surgery." Dr. Cohen stated, "it is my unequivocal opinion that Dr. Walter Scott Peterson is disabled in his ability to perform cataract and implant surgery." Dr. Solnit stated that the decision to discontinue performing surgery was "based on a disability that is significant and continuing." Dr. Peterson, in reliance upon his doctors' advice, discontinued performing cataract and implant surgery.

On or about October 25, 2000, Dr. Peterson completed and mailed a claim for disability benefits to UnumProvident, indicating that he had suffered a heart attack on July 11, 2000 and that his occupation was "an ophthalmic surgeon specializing in cataract and implant surgery." Dr. Peterson further noted that he was not performing any cataract or intraocular lens implant surgery or pre- or immediate post-operative care of cataract patients. Although the number of hours Dr. Peterson spent performing surgery was relatively small compared to the total number of hours he worked, nearly all of Dr. Peterson's practice related to the surgeries he performed.

Approximately five months after Dr. Peterson submitted his claim for benefits, UnumProvident and Provident informed him that his claim was denied. In their initial denial, UnumProvident did not take into consideration that Dr. Peterson had been specifically insured as an ophthalmic surgeon specializing in cataract and implant surgery. Dr. Peterson provided UnumProvident information confirming that Dr.

{W0307826PY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1140
Telephone: 203 573-1200

Peterson had been insured in that capacity and also provided UnumProvident the unequivocal written opinions of Drs. Cohen and Flint. This additional information did not change UnumProvident's decision.

Approximately 10 months after Dr. Peterson appealed UnumProvident's denial of his Claim and *nearly two years* after Dr. Peterson had submitted his initial claim for benefits, he still had not received any notice from UnumProvident regarding whether his appeal had been upheld or denied. As a result, Dr. Peterson's attorney sent a letter to UnumProvident dated March 1, 2002 inquiring as to the status of the appeal. UnumProvident responded by letter dated March 11, 2002, informing Dr. Peterson that his appeal was denied. UnumProvident principally relied upon the opinions of Dr. Michael R. Geer and Dr. Jeffrey Johnson in making their decision. Dr. Geer had been an employee of UnumProvident through 1998 and has continued to receive substantial payment from UnumProvident as an independent contractor. Dr. Johnson was an employee of UnumProvident at the time Dr. Peterson submitted his claim for benefits.

### 2.     Dr. Peterson's Second Claim for Disability Benefits

Dr. Peterson filed a second claim for disability benefits, which is currently *not* part of this case, on or about November 11, 2002, due to certain eye disorders. As a result of these eye disorders, Dr. Peterson's treating eye doctor, Jason Horowitz, stated that Dr. Peterson could no longer perform microsurgery. On or about January 26, 2004, approximately 15 months after Dr. Peterson filed his claim for benefits,

{W0308290}DY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

UnumProvident paid Dr. Peterson four months of disability benefits with a "reservation of rights." At UnumProvident's request, Dr. Peterson underwent an Independent Medical Evaluation (IME) on March 18, 2004 and was seen by Dr. Jay A. Fleischman. Following this IME, UnumProvident paid Dr. Peterson an additional three months of disability benefits with a "reservation of rights."

Dr. Peterson did not receive any further disability payments from UnumProvident. Instead, UnumProvident recently notified Dr. Peterson in a letter dated June 10, 2004, that his second claim for disability benefits is denied. The letter indicates that Drs. Horowitz, Fleischman and another unnamed Board-Certified Ophthalmologist all agree that Dr. Peterson cannot perform surgery. Notwithstanding this consensus, UnumProvident and Provident have denied Dr. Peterson's claim on the grounds that his occupation as of July 22, 2002, did not include microsurgery.

## II.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure declares that leave to amend a party's pleadings "shall be freely given when justice so requires," and the United States Supreme Court has stated that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). This Court should exercise its discretion to grant leave to amend a complaint liberally. See Middle Atlantic Utilities Co. v. S.M.W. Development Corp., 392 F.2d 380, 384 (2d Cir. 1968).

Indeed, the Second Circuit has held that a party should be allowed to amend its

{W0307820} Y & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1160
Telephone: 203 573-1200

pleadings "in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend"); Shade v. Housing Authority of the City of New York, 1998 WL 351473 (D.Conn. June 12, 1998); Team Management, Inc. v. Filmline Technologies, Inc., 1994 WL 91871 (D.Conn. Feb. 14, 1994). "Prejudice to the opposing party is ordinarily the most compelling reason for denying a motion to amend under Rule 15(a)." Team Management, Inc. v. Filmline Technologies, Inc., 1994 WL 91871, *1 (D.Conn. Feb. 14, 1994).

In determining undue prejudice, "courts look to whether the amendments would require the opposing party to expend significant additional resources to conduct discovery and prepare for trial or would substantially delay the resolution of the dispute." Shade v. Housing Authority of the City of New Haven, 1998 WL 351473, *1 (D.Conn. June 12, 1998) (internal citation omitted); see also, Team Management, Inc. v. Filmline Technologies, Inc., 1994 WL 91871, *2 (D.Conn. Feb. 14, 1994).

### III. LEGAL ARGUMENT

#### A. Clarifications to Conform the Complaint Allegations to the Evidence Discovered to Date.

As noted, Dr. Peterson seeks to amend the Complaint to clarify and conform the Complaint allegations to the evidence discovered to date in five material respects.

{W1307828} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

First, in paragraph 3 of the Amended Complaint, Dr. Peterson seeks to add an allegation that the defendant UnumProvident is the alter ago of the defendant Provident and, therefore, is properly named as a defendant in this case, contrary to UnumProvident's claim.

Second, in paragraphs 9 through 18 of the Amended Complaint, Dr. Peterson seeks to add allegations that the defendants negligently failed to inform Dr. Peterson that UnumProvident and Provident believed that the long-term disability policy was governed by and subject to the Employee Retirement Security Act of 1974 ("ERISA"). It has become clear during the discovery process that UnumProvident and Provident believe that the long-term policy at issue is governed by ERISA, at least in part, because Dr. Peterson's employer had signed a Salary Allotment Agreement.

Third, in paragraphs 22 and 23 of the Amended Complaint, Dr. Peterson seeks to include additional allegations concerning misrepresentations that were made to Dr. Peterson concerning the terms of the long-term disability policy. More specifically, these paragraphs allege that the defendants advised Dr. Peterson that the number of hours he spent doing surgery versus the number of hours he spent seeing patients is of absolutely no importance in the determination of whether Dr. Peterson would be considered totally disabled. UnumProvident and Provident now appear to be taking a contrary position.

Fourth, in paragraphs 24 and 25 of the Amended Complainant, Dr. Peterson seeks to include allegations that the defendants never informed him that the

{W0307820}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
8

modification of his job duties, including surgery, would have any impact on his eligibility for disability benefits. It is now clear, based on UnumProvident's denial of Dr. Peterson's Second claim for benefits, that UnumProvident believes that this is an important factor.

Fifth, Dr. Peterson has clarified in paragraphs 62, 66 and 67 of the Complaint that HRH's duty of care toward Dr. Peterson is continuing based on its relationship with Dr. Peterson and its continued receipt of commissions from Dr. Peterson's continual annual payment of the premiums for the policy.

These proposed revisions will neither delay the trial of this matter nor unfairly prejudice the defendants in any manner.

**B.     The Amended Complaint Seeks to Add An Allegation in the First Count that the Defendants UnumProvident and Provident Also Breached the Long Term Disability Contract by Denying Dr. Peterson's Second Claim for Benefits.**

Dr. Peterson seeks to add an allegation to the First Count of the Complaint based on UnumProvident and Provident's denial of Dr. Peterson's second claim for benefits. As noted above, UnumProvident and Provident denied Dr. Peterson's second claim for benefits by a letter dated June 10, 2004.

The letter states that Dr. Peterson may appeal this decision within 180 days and that UnumProvident would render its final decision within 60 or 120 days[1]. Under

---

[1] Although UnumProvident states that it would render its final decision within 60 or 120 days, it took UnumProvident nearly two years to finally deny the plaintiff's first claim for disability benefits and 10

normal circumstances, Dr. Peterson would appeal and await UnumProvident's final decision prior to taking any legal action to enforce his rights under the contract. Dr. Peterson, however, would not receive UnumProvident's final decision until all or nearly all of the deadlines in the current scheduling order expired. This would require Dr. Peterson to file a new lawsuit against the defendants or amend his complaint at a later date and request a new scheduling order that would permit discovery on the second claim for benefits. Either scenario would be inefficient and a waste of time, money and judicial resources. For example, Dr. Peterson intends to depose the individuals who reviewed and denied his first claim for disability benefits. These depositions will take place in Chattanooga, Tennessee. It would be more efficient and cost effective for all the parties if Dr. Peterson could also depose the individuals and doctors who reviewed his second claim for benefits during one trip to Tennessee rather than having to schedule a second trip. Therefore, Dr. Peterson hereby moves to Amend the Complaint at this time and has already filed a Motion to Revise the Scheduling Order dated June 29 that would apply to Dr. Peterson's first *and second* claim for benefits.

---

months from the date the plaintiff appealed the initial denial. Further, UnumProvident took nearly 18 months to initially deny the plaintiff's second claim for disability benefits.

{W1307828}  CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law   Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

10

C.  **The Amended Complaint Seeks to Add One Count Claiming Negligent Misrepresentation Toward UnumProvident and Provident Based on the New Allegations and Existing Allegations of Misrepresentations that Are Already the Subject of the CUTPA and Breach of Covenant of Good Faith and Fair Dealing Counts.**

Dr. Peterson seeks to add one count to the Complaint asserting a claim against UnumProvident and Provident for negligent misrepresentation. This claim is based on the new allegations referenced above and existing allegations of misrepresentation that already are included in the CUTPA and Breach of the Covenant of Good Faith and Fair Dealing counts. This amendment will be neither prejudicial nor burdensome on any of the party's since additional testimonial discovery remains to be taken.

IV.  **CONCLUSION**

For all of the foregoing reasons, Dr. Peterson's Motion for Leave to Amend should be granted.

Respectfully Submitted,
WALTER SCOTT PETERSON, M.D.

BY: _____
Augustus R. Southworth III (Bar No. ct04166)
asouthworth@carmodylaw.com
Domenico Zaino, Jr. (Bar No. ct20082)
dzaino@cardmodylaw.com
Carmody & Torrance LLP
50 Leavenworth Street, P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203-573-1200
Facsimile: 203-575-2600

{W1307828}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200