**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WALTER SCOTT PETERSON | : | CIVIL ACTION NO. |
| | : | 302 CV 01844 CFD |
| Plaintiff, | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | JULY 16, 2004 |
| UNUMPROVIDENT CORPORATION, | : | |
| Defendant | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | |
| HILB, ROGAL AND HAMILTON COMPANY, | : | |
| Defendant | | |

### AMENDED COMPLAINT

### PARTIES AND JURISDICTION

1.      The plaintiff, Walter Scott Peterson (hereinafter, "Dr. Peterson"), is an individual residing in Middlebury, Connecticut.

2.      The defendant, UnumProvident Corporation (hereinafter, "Unum"), is a Delaware corporation with its principal place of business at One Fountain Square, Chattanooga, Tennessee.

3.      The defendant, Provident Life and Accident Insurance Company (hereinafter, "Provident"), is a Tennessee corporation with its principal place of business at One Fountain Square, Chattanooga, Tennessee.  Provident is a subsidiary of the defendant Unum and is authorized to transact insurance business in the State of

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law                    Post Office Box 1110
                                             Waterbury, CT 06721-1110
                                             Telephone: 203 573-1200

Connecticut. Provident does not operate independently of Unum and does not have its own employees nor conduct its own insurance claim handling activities, all such activities (specifically including all activities relating to Dr. Peterson's claims for disability benefits) having been conducted at all material times by defendant Unum by and through its own employees, acting under the direction and control of defendant Unum. The officers of Provident are also officers or employees of Unum. At all material times the Chief Executive Officer of Provident is or was the same person as the Chief Executive Officer and Board Chairman of Unum. Unum and Provident are hereinafter collectively referred to as UnumProvident.

4.      Kenney, Webber & Lowell, Inc. was a subsidiary of American Brokerage Corporation. American Brokerage Corporation merged with American Phoenix Corporation. American Phoenix Corporation subsequently merged with the defendant, Hilb, Rogal and Hamilton Company, which is a Virginia corporation. Hilb, Rogal and Hamilton Company, American Phoenix Corporation, American Brokerage Corporation and Kenney, Webber and Lowell, Inc. are hereinafter collectively referred to as "Hilb, Rogal". At all time relevant to this action, Kenney, Webber & Lowell, and its employees and personnel were acting as the agent, servants, apparent agents, and/or employees of UnumProvident.

5.      The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law                       Post Office Box 1110
                                              Waterbury, CT 06721-1110
                                              Telephone: 203 573-1200

6.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 1332, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e).

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7.     On or about October 13, 1986, Dr. Peterson applied to Provident for insurance coverage under a Disability Income Policy.

8.     Thereafter, Provident accepted Dr. Peterson's application, and entered into a legal contract pursuant to the terms of a Disability Income Policy bearing policy number 6-335-751908 (the "Policy"). The Policy had an effective date of December 1, 1986 and an issue date of December 31, 1986. The Policy is administered and insured by UnumProvident.

9.     UnumProvident believes that the Policy is subject to and governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

10.    UnumProvident did not inform Dr. Peterson prior to his purchase of the Policy that it believed that the Policy is subject to and governed by ERISA.

11.    UnumProvident did not inform Hilb, Rogal that it believed that the Policy would be subject to and governed by ERISA.

12.    Hilb, Rogal did not inform Dr. Peterson that it believed, or that UnumProvident believed or could take the position, that the Policy is subject to and governed by ERISA.

3

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

13.    UnumProvident believes that the Policy is subject to and governed by ERISA based, at least in part, on the existence of a "Salary Allotment Agreement" between Provident and Eye Associates of Waterbury, P.C. dated March 15, 1983 whereby Eye Associates of Waterbury, P.C. agreed to make salary deductions for required premiums and remit such premiums to UnumProvident when due.

14.    UnumProvident offered training seminars to its "producers" concerning the long-term disability policies offered by UnumProvident that were intended to increase the sales of such policies.

15.    Mr. John Webber, acting as an employee and/or agent of Kenney, Webber & Lowell, Inc., attended these seminars offered by UnumProvident.

16.    UnumProvident discussed Salary Allotment Agreements at these seminars and encouraged producers to have clients execute them to streamline the process for collecting premiums.

17.    UnumProvident never advised Mr. Webber or Dr. Peterson that UnumProvident believes or would take the position that the execution of a Salary Allotment Agreement converts a long-term disability contract into a plan that is governed by and subject to ERISA.

18.    Hilb, Rogal never advised Dr. Peterson that UnumProvident believes or would take the position that the execution of a Salary Allotment Agreement converts a long-term disability contract into a plan that is governed by and subject to ERISA.

19.    Mr. Webber and Robert J. Peterson, an employee of UnumProvident, sold the Policy to Dr. Peterson. Mr. Webber and Robert J. Peterson represented to Dr.

4

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Peterson and agreed that Dr. Peterson would be insured for his occupation as an "Opthalmic surgeon specializing in cataract and implant surgery." Dr. Peterson purchased the Policy based on this representation and agreement.

20.    By letter dated November 3, 1987, Provident confirmed that Dr. Peterson would be insured under the Policy in his occupation as an "Opthalmic surgeon specializing in cataract and implant surgery."

21.    By letter dated November 6, 1987, Hilb, Rogal informed Dr. Peterson that he would be insured under the Policy as an "Opthalmic surgeon specializing in cataract and implant surgery."

22.    UnumProvident and Hilb, Rogal also represented to Dr. Peterson that the number of hours spent doing surgery versus the number of hours spent seeing patients is of absolutely no importance to them as far as the definition of disability for an ophthalmic surgeon—if the ophthalmic surgeon is still able to see patients but cannot perform surgery, he/she is considered totally disabled and will receive full disability income benefits.

23.    Despite its prior representations, UnumProvident has denied Dr. Peterson's claims for disability benefits contending that the number of hours Dr. Peterson spent doing surgery versus the number of hours Dr. Peterson spent seeing patients *is* an important factor in determining whether he is totally disabled under the terms of the Policy.

5

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

24.     UnumProvident and Hilb Rogal never informed Dr. Peterson that the modification of his job duties, including surgery, would have any impact on his eligibility for disability benefits.

25.     Hilb, Rogal did not inform Dr. Peterson that the modification of his job duties, including surgery, would have any impact on his eligibility for disability benefits.

26.     The Policy states, in part, that "[i]f your occupation is limited to a recognized specialty within the scope of your degree or license, we will deem your specialty to be your occupation."

27.     The Policy further provides, in part, that: "Total Disability or totally disabled means that due to Injuries or Sickness: (1) you are not able to perform the substantial and material duties of your occupation; and (2) you are receiving care by a Physician which is appropriate for the condition causing the disability."

28.     The monthly benefit for Total Disability under the terms of the Policy is eleven thousand nine hundred and fifty dollars ($11,950.00).

29.     The Policy provides that Dr. Peterson would receive a monthly benefit of $11,950 during his life if he becomes Totally Disabled due to a sickness starting before age 60 or an injury starting before age 65.  The Policy also states that Dr. Peterson may be entitled to Residual Disability Benefits

30.     UnumProvident at all relevant times was responsible for paying claims for disability benefits under the terms of the Policy.

6

{W1308091;2}

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law                         Post Office Box 1110
                                                    Waterbury, CT 06721-1110
                                                    Telephone: 203 573-1200

31.     All premiums (the "Premiums") required under the Policy have been paid.

32.     At all times relevant to this Complaint, Eye Associates of Waterbury P.C. and its successor Opticare P.C. (hereinafter, collectively referred to as "Opticare") have employed Dr. Peterson as an ophthalmologist specializing in cataract and implant surgery.

33.     As of July 11, 2000, the substantial and material duties of Dr. Peterson's occupation as an ophthalmic surgeon required that he perform cataract and implant surgery.

34.     On July 11, 2000 during the period when the Policy was in effect, Dr. Peterson suffered a heart attack and was admitted to Waterbury Hospital from July 12, 2000 through July 14, 2000.

35.     Dr. Peterson was treated by James F. Flint, M.D. and Albert J. Solnit, M.D. after his heart attack and was also evaluated by Lawrence S. Cohen, M.D.  Dr. Peterson continues to receive treatment from Dr. Flint for his cardiac condition and continues to receive regular medical evaluations from his primary physician, Fitzhugh C. Pannill III, M.D.

36.     Doctors Flint, Cohen and Solnit have determined that as a result of the heart attack and its sequela, Dr. Peterson is totally disabled from his former occupation as an ophthalmic surgeon specializing in cataract and implant surgery and have so informed UnumProvident.

7

CARMODY & TORRANCE LLP      50 Leavenworth Street
Attorneys at Law                             Post Office Box 1110
                                                      Waterbury, CT 06721-1110
                                                      Telephone: 203 573-1200

37.    On or about October 25, 2000, Dr. Peterson completed and mailed a Claim for Disability Benefits (the "First Claim") to UnumProvident. In the First Claim, Dr. Peterson noted that he had suffered a heart attack on July 11, 2000 and that his occupation was "an opthalmic surgeon specializing in cataract and implant surgery." Dr. Peterson further noted that he was not performing any cataract or intraocular lens implant surgery or pre- or immediate post-operative care of cataract patients.

38. .    After Dr. Peterson submitted his First Claim, Dr. Flint completed an Attending Physician's Statement dated November 23, 2000 indicating that Dr. Peterson should not and could not perform surgery. At the request of UnumProvident, Dr. Flint also sent a letter dated December 27, 2002 stating, in part, that "it would be extremely detrimental to [Dr. Peterson's] health for him to continue performing cataract surgery."

39.    By letter dated March 6, 2001 from Ramine Poureshmenantalemy, UnumProvident denied the First Claim on the ground that Dr. Peterson did not meet the definition of Total or Residual disability as defined under the terms of the Policy.

40.    Mr. Poureshmenantalemy did not state in his March 6, 2001 letter that the Medical Department and/or the Vocational Department had specifically considered whether Dr. Peterson was disabled from performing cataract and implant surgery.

41.    Upon information and belief, the Medical Department and the Vocational Department did not consider whether Dr. Peterson could perform cataract and implant surgery in making its decision reported in the March 6, 2001 letter.

8

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

42.    Dr. Peterson appealed UnumProvident's denial of the First Claim by letter dated May 31, 2001.  In his appeal, Dr. Peterson enclosed the November 3, 1987 letter from Provident confirming Dr. Peterson was specifically insured as an "Opthalmic Surgeon Specializing in Cataract & Implant Surgery."

43.    As part of his appeal, Dr. Peterson also provided UnumProvident a letter from Dr. Solnit dated May 1, 2001 stating that he concurred with the Dr. Peterson's decision to discontinue doing cataract and implant surgery "based on a disability that is significant and continuing."  Dr. Peterson also provided UnumProvident a letter from Dr. Cohen dated May 30, 2001 stating, "it is my unequivocal opinion that [Dr. Peterson] is disabled in his ability to perform cataract and implant surgery."

44.    Despite providing UnumProvident additional information from Drs. Flint, Cohen and Solnit confirming that Dr. Peterson was Totally Disabled as defined under the Policy, by letter dated October 1, 2001 from Mr. Poureshmenantalemy, UnumProvident maintained that "it does not appear that [Dr. Peterson] currently satisfies the definition of disability as defined in his contract."  The letter further indicated that the Dr. Peterson's First Claim would be submitted to the Appeals Unit for further claims handling.

45.    Approximately 10 months after Dr. Peterson appealed UnumProvident's denial of his First Claim, he still had not received any notice from UnumProvident regarding whether his appeal had been upheld or denied.  As a result, Dr. Peterson's legal counsel sent a letter to UnumProvident dated March 1, 2002

9

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

inquiring as to the status of the appeal.  UnumProvident responded by letter dated March 11, 2002 informing Dr. Peterson that his appeal was denied.

46.    Dr. Peterson has not performed any cataract or implant surgery since the date of his heart attack, July 11, 2000.

47.    On or about November 11, 2002, Dr. Peterson completed and mailed a second Claim for Disability Benefits (the "Second Claim") to UnumProvident based on certain eye disorders that he developed.

48.    As a result of these eye disorders, Dr. Peterson's treating eye doctor, Jason Horowitz, stated that Dr. Peterson could no longer perform microsurgery.

49.    On or about January 26, 2004, approximately 15 months after Dr. Peterson filed his Second Claim, UnumProvident paid Dr. Peterson four months of disability benefits with a "reservation of rights".

50.    At UnumProvident's request, Dr. Peterson underwent an Independent Medical Evaluation (IME) on March 18, 2004 and was seen by Dr. Jay A. Fleischman.

51.    Following this IME, UnumProvident paid Dr. Peterson an additional three months of disability benefits with a "reservation of rights".

52.    Dr. Peterson did not receive any further disability payments from UnumProvident with respect to his Second Claim.

53.    UnumProvident notified Dr. Peterson in a letter dated June 10, 2004 that his Second Claim is denied.

10

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

54.     Drs. Horowitz, Fleischman and another unnamed Board-Certified Ophthalmologist who reviewed the case on behalf of UnumProvident all agree that Dr. Peterson is restricted from performing ophthalmic surgery/microsurgery.

55.     Dr. Peterson is Totally Disabled as defined under the Policy and is entitled to Total Disability Benefits and Residual Disability Benefits on his First Claim and Second Claim for disability benefits.

56.     Dr. Peterson has complied with all the terms of the Policy and has provided all information requested by UnumProvident.

57.     Dr. Peterson has exhausted all administrative remedies required by the Policy with respect to his claims for benefits.

58.     Despite repeated requests, UnumProvident has willfully and in bad faith failed and refused to provide Dr. Peterson with the disability benefits (total or residual) to which he is entitled under the terms of the Policy.

59.     Upon information and belief, UnumProvident has engaged in a pattern and practice of willfully, and in bad faith, denying claims for disability benefits.

**COUNT ONE:     (BREACH OF CONTRACT: AS TO UNUMPROVIDENT):**

1 - 59.     Paragraphs One (1) through fifty-nine (59) of the Complaint are hereby incorporated by reference and made Paragraphs One (1) through fifty-nine (59) of Count One.

60.     Dr. Peterson performed all of the actions required of him under the terms of the Policy.

11

{W1308091;2}

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law     Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

61.     UnumProvident breached the terms of the Policy by denying Dr.

Peterson total and residual disability benefits under the terms of the Policy based on

his First Claim and his Second Claim for disability benefits.

62.     As a result of UnumProvident's actions, Dr. Peterson has suffered and

will in the future suffer damages, including loss of total and/or residual disability

benefits.  As a further result of UnumProvident's actions, Dr. Peterson has been forced

to incur attorney's fees.

**COUNT TWO:        (NEGLIGENT MISREPRESENTATION: AS TO
                    UNUMPROVIDENT)**

1. - 62.     Paragraphs One (1) through sixty-two (62) of Count One are hereby

incorporated by reference and made Paragraphs One (1) through sixty-two (62) of

Count Two.

63.     UnumProvident had a duty to use reasonable care in providing

information to Dr. Peterson concerning the terms of the Policy.

64.     UnumProvident breached its duty to use reasonable care by making

false representations that it knew or should have known in the exercise of reasonable

care to be false and by failing to disclose to Dr. Peterson important information in

order to induce him to purchase the Policy.  UnumProvident breached its duty of care

to Dr. Peterson in one or more of the following ways:

(a)     by failing to inform Dr. Peterson that it believed the Policy is

subject to and governed by ERISA;

12

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

(b)     by failing to inform Dr. Peterson of the reasons why it believes the Policy is subject to and governed by ERISA;

(c)     by misrepresenting to Dr. Peterson that the number of hours spent performing surgery versus the number of hours he spent seeing patients is of absolutely no importance to them as far as the definition of disability for ophthalmic surgeon—if the ophthalmic surgeon is still able to see patients but cannot perform surgery, he/she is considered totally disabled and will receive full disability income benefits; and

(d)     by misrepresenting to Dr. Peterson that he would be specifically insured under the Policy as an ophthalmic surgeon specializing in cataract and implant surgery and would be entitled to total disability benefits if he could not work in this speciality regardless of the number of hours he spent doing surgery.

65.     UnumProvident knew or should have known that Dr. Peterson would rely on those representations.

66.     Dr. Peterson reasonably relied upon UnumProvident's actions in purchasing the Policy and continuing to pay the premiums to his detriment.

67.     UnumProvident has continued to receive premium payments from Dr. Peterson for the policy and, therefore, based on this ongoing insurer/insured relationship with Dr. Peterson, UnumProvident has a continuing duty to use reasonable care in providing Dr. Peterson accurate information and disclosing important information concerning the Policy. UnumProvident's actions constitute a continuing violation of its duty of reasonable care toward Dr. Peterson.

13

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law                       Post Office Box 1110
                                               Waterbury, CT 06721-1110
                                               Telephone: 203 573-1200

68.    As a result of UnumProvident's actions, Dr. Peterson has suffered

damages.  As a further result of UnumProvident's actions, Dr. Peterson has been

forced to incur attorney's fees.

## COUNT THREE    (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING: AS TO UNUMPROVIDENT):

1 - 68.    Paragraphs One (1) through sixty-eight (68) of Count Two are hereby

incorporated by reference and made Paragraphs One (1) through sixty-eight (68) of

Count Three.

69.    In entering into the Policy with Dr. Peterson, UnumProvident impliedly

entered into a covenant with Dr. Peterson that it would at all times conduct itself

pursuant to the agreement in good faith and that it would at all times deal fairly with

Dr. Peterson.

70.    UnumProvident acted in bad faith and breached its implied covenant of

good faith and fair dealing in one or more of the following ways:

a.    by making and continuing to make material misrepresentations to Dr. Peterson concerning the terms of the Policy and by withholding and continuing to withhold information concerning its belief that the Policy is an ERISA plan in order to induce Dr. Peterson to purchase and continue making premium payments for the Policy;

b.    refusing to consider that Dr. Peterson was specifically insured as an "Opthalmic Surgeon Specializing in Cataract & Implant Surgery";

c.    refusing to recognize and acknowledge Dr. Peterson's disabilities despite the unequivocal opinions of Drs. Flint, Cohen, Solnit, Horowitz, Fleischman, and another unnamed

14

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law                Post Office Box 1110
                                Waterbury, CT 06721-1110
                                Telephone: 203 573-1200

Board-Certified Ophthalmic Surgeon that Dr. Peterson was Totally Disabled and unable to perform ophthalmic surgery;

d.     failing to review and process Dr. Peterson's First and Second Claims in a timely fashion to either pay or deny the Claims;

e.     refusing to pay the benefits under the Policy despite receiving payment of all premiums that were due under the Policy; and

f.     encouraging Dr. Peterson to participate in an appeals process with no reasonable expectation that a denial would be reversed on appeal.

71.     As a result of the foregoing, UnumProvident breached its covenant of good faith and fair dealing toward Dr. Peterson.

72.     As a result of UnumProvident's actions, Dr. Peterson has suffered and will in the future suffer economic losses, including loss of total and residual disability benefits. As a further result of UnumProvident's actions, Dr. Peterson has been forced to incur attorney's fees.

**COUNT FOUR**     **(VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES AT, C.G.S. §42-110b et seq.: AS TO UNUMPROVIDENT)**

1 - 72.     Paragraphs One (1) through seventy-two (72) of Count Three are hereby incorporated by reference and made Paragraphs One (1) through seventy-two (72) of Count Four.

73.     At all times relevant to this Complaint, UnumProvident has engaged in the conduct of trade or commerce in the State of Connecticut, including the sale of insurance policies to Connecticut insurance consumers.

15

{W1308091;2}

CARMODY & TORRANCE LLP      50 Leavenworth Street
Attorneys at Law                       Post Office Box 1110
                                       Waterbury, CT 06721-1110
                                       Telephone: 203 573-1200

74.    UnumProvident's actions constitute an unfair claim settlement practice in violation of the Connecticut Unfair Insurance Practices Act in that:

(a)    UnumProvident committed unfair claim settlement practices with such frequency as to indicate a general practice in violation of Connecticut General Statutes § 38a-816; and

(b)    UnumProvident misrepresented the benefits, advantages, conditions or terms of the Policy in violation of Connecticut General Statutes § 38a-816.

75.    UnumProvident's actions, as aforesaid, constitute unfair and/or deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, *et seq.*

76.    As a result of UnumProvident's actions, Dr. Peterson has suffered and will in the future continue to suffer economic losses including loss of total and residual disability benefits.  As a further result of UnumProvident's actions, Dr. Peterson has been forced to incur attorney's fees.

77.    A copy of this Complaint has been mailed to the Attorney General and the Commissioner of Consumer Protection.

**COUNT FIVE:**    **(FOR RECOVERY OF PLAN BENEFITS AGAINST UNUMPROVIDENT PURSUANT TO 29 U.S.C. § 1132 et seq.)**

1-77.   Paragraphs One (1) through seventy-seven (77) of Count Four are hereby incorporated by reference and made Paragraphs One (1) through seventy-seven (77) of Count Five.

16

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

78.     If the Policy is not determined to be an individual insurance contract between UnumProvident and Dr. Peterson, the Policy is subject to and governed by the Employee Retirement Income Security Act of 1974 (ERISA) as an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).

79.     UnumProvident's decision to deny Dr. Peterson disability benefits constitutes a breach of the Policy.

80.     Dr. Peterson brings this action under 29 U.S.C. § 1132(a)(1)(B) to enforce his rights and recover the benefits due to him under the terms of the Policy.

81.     As a direct and proximate result of the aforementioned conduct of UnumProvident in failing to pay Dr. Peterson disability benefits, Dr. Peterson has suffered and will in the future continue to suffer economic losses, including loss of total and residual disability benefits.  As a further result of UnumProvident's actions, Dr. Peterson has been forced to incur attorney's fees.

**COUNT SIX:**         **(BREACH OF FIDUCIARY DUTY IN VIOLATION OF 29 U.S.C. § 1101 ET SEQ.: AS TO UNUMPROVIDENT)**

1 - 81.  Paragraphs One (1) through eighty-one (81) of Count Five are hereby incorporated by reference and made Paragraphs One (1) through eighty-one (81) of Count Five.

82.     At all times herein, UnumProvident, is a fiduciary with respect to the Policy within the meaning of 29 U.S.C. §1002(21)(A).

17

{W1308091;2}

CARMODY & TORRANCE LLP        50 Leavenworth Street
Attorneys at Law                            Post Office Box 1110
                                            Waterbury, CT 06721-1110
                                            Telephone: 203 573-1200

83.    UnumProvident at all relevant times owed Dr. Peterson a fiduciary duty under 29 U.S.C. § 1104 to exercise due care, skill, prudence and diligence, and to discharge its duties in accordance with the Policy.

84.    UnumProvident's actions, as aforesaid, including its decision to deny Dr. Peterson's Claim for benefits under the Policy, was in breach of UnumProvident's fiduciary duty that it owed to the Dr. Peterson.

85.    As a direct and proximate result of UnumProvident's breach of its fiduciary duty, Dr. Peterson has suffered and will in the future suffer economic losses, including loss of total and residual disability benefits.

86.    As a further direct and proximate result of UnumProvident's breach of its fiduciary duty, Dr. Peterson has been forced to incur attorneys' fees.

**COUNT SEVEN:**    **(NEGLIGENT MISREPRESENTATION: AS TO HILB, ROGAL AND HAMILTON COMPANY)**

1 - 59.    Paragraphs One (1) through fifty-nine (59) of the Complaint are hereby incorporated by reference and made Paragraphs One (1) through fifty-nine (59) of Count Seven.

60.    Mr. Webber, an agent and/or employee, of Hilb, Rogal represented to Dr. Peterson that he would be insured as an Ophthalmic Surgeon Specializing in Cataract and Implant Surgery.

61.    Hilb, Rogal further represented to Dr. Peterson that he would be entitled to Total Disability benefits if he became disabled and unable to perform his occupation as an Ophthalmic Surgeon Specializing in Cataract and Implant Surgery

18

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

and that the number of hours Dr. Peterson spent doing surgery versus the number of

hours Dr. Peterson spent seeing patients is of no importance to UnumProvident as far

as the definition of disability for an ophthalmic surgeon—if the ophthalmic surgeon is

still able to see patients but cannot perform surgery, he/she is considered totally

disabled and will receive full income benefits.

     62.     Hilb, Rogal has a continuing duty to use reasonable care in providing

Dr. Peterson accurate information and disclosing important information concerning

the Policy.

     63.     Hilb, Rogal breached its duty to use reasonable care by making false

representations that it knew or should have known in the exercise of reasonable care to

be false and by failing to disclose to Dr. Peterson important information in order to

induce him to purchase the policy. Hilb Rogal breached its duty of care to Dr. Peterson

in one or more of the following ways:

     (a)     by failing to inform Dr. Peterson that it and/or UnumProvident

believes the Policy is subject to and governed by ERISA;

     (b)     by failing to inform Dr. Peterson of the reasons why it and/or

UnumProvident believes the Policy is subject to and governed by ERISA;

     (c)     by misrepresenting to Dr. Peterson that the number of hours

spent performing surgery versus the number of hours he spent seeing patients is of

absolutely no importance to UnumProvident as far as the definition of disability for

ophthalmic surgeon—if the ophthalmic surgeon is still able to see patients but cannot

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200

perform surgery, he/she is considered totally disabled and will receive full disability income benefits; and

(d)    by misrepresenting to Dr. Peterson that he would be specifically insured under the Policy as an ophthalmic surgeon specializing in cataract and implant surgery and would be entitled to total disability benefits if he could not work in this specialty regardless of the number of hours he spent doing surgery.

64.    Hilb, Rogal knew or should have known that Dr. Peterson would rely on those representations.

65.    Dr. Peterson justifiably relied on the representations made by Hilb, Rogal and, as a result, has suffered a detriment or damages as a result of such reliance.

66.    Hilb, Rogal has continued to receive commission payments from UnumProvident as a result of Dr. Peterson's payment of his annual premiums for the Policy and, therefore, is under a continuing duty to use reasonable care in providing Dr. Peterson accurate information and disclosing important information concerning the Policy.

67.    Hilb, Rogal's actions constitute a continuing violation of its continuing duty to use reasonable care toward Dr. Peterson.

## IV.    DEMAND FOR RELIEF:

Wherefore, the Plaintiff claims:

1.    Money damages;

2.    A judgment ordering UnumProvident to pay all benefits due under the Policy;

20

{W1308091;2}

3.    An award of pre-judgment interest from the denial of benefits until the date of judgment pursuant to Conn. Gen. Stat. § 37-3a;

4.    Punitive Damages pursuant to Connecticut General Statutes § 42-110g;

5.    Exemplary Damages pursuant to Connecticut General Statutes § 42-110g;

6.    An award of reasonable attorney's fees and costs pursuant to Connecticut General Statutes § 42-110g and 29 U.S.C. § 1132(g)(1);

7.    Costs and interest; and

8.    Such other legal and equitable relief as may be appropriate.

## JURY DEMAND

The Plaintiff, Walter Scott Peterson, requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

THE PLAINTIFF,
WALTER SCOTT PETERSON

BY: _____

Augustus R. Southworth III
Federal Bar No. ct04166
Domenico Zaino, Jr.
Federal Bar No. ct20082
FOR:    Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
203-573-1200

21

{W1308091;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200