UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER SCOTT PETERSON : | CIVIL ACTION NO. |
| Plaintiff, : | 3:02CV01844 (CFD) |
| : | |
| VS. : | |
| : | JULY 21, 2004 |
| UNUMPROVIDENT CORPORATION, : | |
| Defendant : | |
| PROVIDENT LIFE AND ACCIDENT : | |
| INSURANCE COMPANY, : | |
| Defendant : | |
| HILB, ROGAL AND HAMILTON COMPANY, : | |
| Defendant | |

### REPLY TO DEFENDANTS PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY & UNUMPROVIDENT CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

The plaintiff has reviewed the defendants Provident Life & Accident Insurance Company and UnumProvident Corporation's opposition to the plaintiff's Motion to Modify the Scheduling Order. In reply, the plaintiff raises the following points:

1. The plaintiff has filed a Motion to Amend the Complaint to add the second disability claim to this case. The most efficient way to proceed is for this Court to grant the plaintiff's Motion to Amend the Complaint and revise the scheduling order in accordance with the Plaintiff's Motion. This would consolidate both actions into one case and immediately permit the parties to conduct discovery on the first and second claims at the same time. The plaintiff does not have any desire to delay the resolution of these claims and the continuing deprivation of benefits to which he is entitled.

2. The most inefficient way to proceed is to do what the defendants suggest—namely, do nothing with regard to the second claim for benefits until the

appeal is complete. The plaintiff agrees with the defendants that it will take them "at least 90 days", and given their track record, probably much longer, for the defendants to consider the plaintiff's appeal. In fact, on June 15, 2004, the same day the undersigned received the defendants' letter denying the plaintiff's second claim for benefits, the undersigned mailed the defendants a letter requesting the entire claims file, which the plaintiff would like to review prior to filing an appeal. (See Exhibit A). To date, the defendants have not provided the claims file or any response to the letter. It is precisely for this reason—the amount of time required to complete an appeal—that the plaintiff argues that both claims should be consolidated now with one scheduling order. If the parties wait for the appeal to be completed, it is likely that all or nearly all of the deadlines will have expired or that this case will have been tried.

3. The defendants suggest that if the appeal on the second claim is denied, the plaintiff may then move to amend the complaint to include the second claim. In addition to being completely inefficient, as discussed above, there are two obvious problems with this argument. First, this case may be on the eve of trial or the trial may be finished by the time the appeal on the second claim is considered. The plaintiff, therefore, may not have an opportunity or be permitted at such a late stage to amend the complaint. Second, although the defendants suggest that the plaintiff's second claim for benefits is straightforward and a "finite issue" that will not involve extensive discovery, it took the defendants nearly 18 months to review and eventually deny the plaintiff's claim for benefits and, according to the defendants, will take *at least* an additional 90 days to consider the appeal. The plaintiff will need sufficient time to conduct discovery to determine exactly what the defendants did during this lengthy period.

4. If the defendants believe that the policy is subject to ERISA and that the filing of the Amended Complaint is premature, they are free to raise that as a defense.

For the foregoing reasons, the plaintiff submits that its Motion for Modification of the Scheduling Order be granted.

Respectfully Submitted,
WALTER SCOTT PETERSON, M.D.

BY: _____
Augustus R. Southworth III (Bar No. ct04166)
asouthworth@carmodylaw.com
Domenico Zaino, Jr. (Bar No. ct20082)
dzaino@cardmodylaw.com
Carmody & Torrance LLP
50 Leavenworth Street, P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203-573-1200
Facsimile: 203-575-2600

{W0307826} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## CERTIFICATION

This is to certify that on this the 21st day of July 2004, a copy of the foregoing Reply to Defendants' Provident Life & Accident Insurance Company & UnumProvident Corporation's Opposition to Plaintiff's Motion to Modify the Scheduling Order was mailed, postage pre-paid, to the following counsel of record and pro se parties:

Joan O. Vorster, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Samuel B. Mayer, Esq.
Duane Morris
46 Woodbury Avenue
Stamford, CT 06907

_____
Augustus R. Southworth III
Domenico Zaino Jr.

**EXHIBIT A**

# CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, Connecticut
06721-1110

Telephone: 203 573-1200
Facsimile: 203 575-2600
www.carmodylaw.com

Domenico Zaino, Jr.
Partner

Direct: 203-578-4270
nzaino@carmodylaw.com

June 15, 2004

**Via Certified Mail, Return Receipt Requested**
Mr. Ramine Poureshmenantalemy
Customer Care Center
Provident Life & Accident Insurance Company
Unum Provident Corporation
1 Fountain Square
Chattanooga, TN 37402

**Re:   Walter Scott Peterson, M.D.
Policy No.: 817087 and 751908
C&T File No.: 23481-1**

Dear Mr. Poureshmenantalemy:

I received today your letter dated June 10, 2004 denying Dr. Peterson's claim for disability benefits that he filed on or about November 11, 2002. Please provide me as soon as possible a complete copy of all the records that UnumProvident reviewed or relied on in making this decision including the medical records, application file and claims file.

Very truly yours,

Domenico Zaino, Jr.

DZ:o
cc: Walter Scott Peterson, M.D.